ELIZA JANE THOMAS, Appellant, *v.* ELLA. W. WOLFORD and Others, Respondents.

*Will giving an estate to the testator's wife for life, with a provision that any portion thereof not disposed of by her should go to the testator's children.*

A testator left a will by which he provided as follows: "After all my lawful debts are paid and discharged I give and bequeath to my wife, Eliza J. Thomas, all of my real and personal estate, that I may die possessed of, during her lifetime, and at my wife's death the property, should there be any left, to be divided among the children or their heirs."

*Held,* that, under the provisions of the will the wife had, during life, the power of disposition of the estate; the power to consume or dispose of it as might become expedient or necessary to secure for her this beneficial enjoyment, and that, upon her death, such estate as had not been consumed by her was devised to the children.

Appeal by the plaintiff from a judgment rendered at Special Term, construing the will of Daniel Webster Thomas, deceased.

*G. M. Pinney, Jr.,* for the appellant.

*Gherardi Davis,* for the infant respondents.

Van Brunt, P. J.:

The testator left a will, which had been duly admitted to probate, consisting of but a single paragraph, and the question arises upon the construction of that paragraph. He provides as follows: "After all my lawful debts are paid and discharged, I give and bequeath to my wife, Eliza J. Thomas, all of my real and personal estate, that I may die possessed of, during her lifetime, and at my wife's death the property, should there be any left, to be divided among the children or their heirs."

The question presented is as to what was the intention of the testator in reference to the authority which his wife should have in disposing of the estate, the enjoyment of which was bequeathed to her during her life. That a testator may devise his property to a person during life, giving such person an additional power of disposal without enlarging the estate to a fee is well settled by the case of *Terry* v. *Wiggins* (47 N. Y., 512). In that case it was held that the life tenant did not have the fee, but had a power of disposal to be exercised during life and not at death. It is claimed, upon the part of the appellant, that this was the estate which the widow of the testator took under the devise in question, and the only point which it is necessary to consider is, was this the testators intention?

That it was seems to be reasonably clear. There is a devise of the estate to the widow during her life, and a devise over to the children of that which might be left at her death. Here is expressed a clear intention that the widow shall have the power of disposing of the *corpus* of the estate with a view to her personal use and maintenance. She has, therefore, during life, the power of disposition of the estate, the power to consume or dispose of it as might become expedient or necessary to secure for her its beneficial enjoyment, and upon her death such part of the estate, as has not been consumed by her, is devised to the children.

This intention being one which under the cases cited is a legal one, should be carried out. It seems to be reasonably clear that it was the intention of the testator that his wife should enjoy the full benefit which she could derive from this estate as long as she lived, and that whatever semained after such enjoyment should go to their children. The case of *Colt* v. *Heard* (10 Hun, 189) seems to be singularly like the one at bar in the language used in the will.

Authorities have been cited from other States bearing upon this question, but they afford but little light, as the rules of construction of wills in the various States differ to a very great extent; the discussion of the particular language used in the will varies according to the rules prevailing in the courts of the various States. The intention of the testator is to govern, and if that intention is a legal one full effect is to be given to it. It seems to us clear that the intention of the testator was that his wife should have the full enjoyment of this estate during her life and whatever she did not consume was devised to their children.

This necessarily gave her a power of disposition, she being controlled in the exercise of it, by the purposes for which the estate was devised to her.

We think, therefore, that the learned judge in the court below erred in coming to the conclusion that all that the widow took under this will was a life estate, with no power whatever of disposition. But we think that she did take such estate for life with a power of disposition during life and a remainder over of what was left of the estate upon her death to their children.

Judgment ordered accordingly.

Brady and Daniels, JJ., concurred.

Judgment ordered as directed in opinion.