ROCKLAND COUNTY.—HON. GEO. W. WEIANT,
SURROGATE.—July, 1888.

MATTER OF WILLIAMSON.

*In the matter of the judicial settlement of the account of* JOHN W. VORIS, *as surviving executor of the will of* NICHOLAS W. WILLIAMSON, *deceased.*

Where the testator bequeaths all his personal estate to his wife for her own use and benefit during her natural life, and directs the executors at the wife's death to sell, collect and settle up, the personal property that may be left by her, and divide the same among certain persons, testator's widow takes a life estate in the personal property, which entitled her to the use of the principal as well as the income, but limited to her own personal use and benefits, such as maintenance, sup-

port, and a house commensurate with the amount of the property and the family circumstances, and the preservation of the estate.

In such a case taxes should be charged to the residuary estate and not the life estate.

ACCOUNTING of John W. Voris, surviving executor of the will of Nicholas W. Williamson, deceased.

Upon the filing of the executor's accounts in this proceeding, objections thereto were interposed by the special guardian for the minor children of Charles W. Williamson, a deceased legatee, and by James C. Gregory, as receiver in proceedings supplementary to execution of the property of Jeremiah Williamson, also a legatee.

ABRAM A. DEMAREST, *for the executor.*

MERRITT E. SAWYER, *and* ANDREW FALLON, *for* JAMES C. GREGORY, *receiver.*

C. P. HOFFMAN, *for* DAVID GURNEE, *creditor.*

THE SURROGATE.—The only objection insisted upon by the contestants is that the payments for taxes and repairs should not be allowed out of the principal estate. The objection, therefore, is not to the allowance of the payments on the ground that they were not made, but to charging the same against the residuary estate.

· On the part of the contestants, it is claimed that the widow's interest was simply that of a life tenant, and that her estate must be charged with, and pay taxes and ordinary repairs. On the part of the executor it is contended that she not only had such life estate but, also, a further interest which entitled her to expend the principal estate.

The testimony shows that the income estate was exhausted by the widow, and thereupon the executor paid the taxes and repairs from the principal fund. If these payments are disallowed, the executor must sustain the loss personally, as there is no income estate.

By his will the testator, by the first item thereof, bequeaths to his wife all his " personal property consisting in part of promissory notes, bonds and mortgages, and any and every other security or obligation I may hold, for her own use and benefit during her natural life."

By the second item he devises to her without limitation his burial plot.

By the third disposition he directs the executors immediately after his death to sell his farming utensils " and all other articles for farming purposes," out of proceeds thereof to pay his funeral expenses, his debts, and the cost of a tombstone, " and the balance or remainder of the proceeds of the sale, if any, to be paid to my said wife, Ann Williamson."

Fourthly, he gives his wife absolutely his household furniture and goods.

By the fifth and last dispository provision of his will, the testator directs " that my said executors shall immediately after the death of my said wife, Ann, proceed to sell, collect and settle up the personal property that may be left by her and divide the same between my five children, viz.: Catherine Williamson, Ellen Voris, wife of John W. Voris, Jeremiah Williamson, Charles Wesley Williamson, and Ann Amelia Garrison, wife of George N. Garrison, share and share alike."

The testator left only personal estate and although a portion thereof has since passed into real estate, it must nevertheless be treated and administered as personalty.

The widow died November, 1887, and the survivor executor is now proceeding to "settle up" the property pursuant to the above fifth provision of the will.

The items of the accounts objected to have reference to the property referred to in the first and fifth items of the will.

As to the property therein disposed of, I am of the opinion that the widow was given a life estate therein. The words "during her natural life" can receive no other interpretation. To hold that the bequest was absolute would nullify these words, as well as render inoperative the provisions following by which the testator disposes of his residuary estate after his widow's death and directs his executors how to dispose of the same.

A will should be so construed as to avoid, if possible, all repugnancy and give effect to all its language. Roseboom v. Roseboom, 81 N. Y. 356–359.

I do not think, however, that the testator intended to limit his widow's interest to simply a life estate which would entitle her to receive and have the benefit of the income only, and taking the same with the usual burdens of a life tenant—of payment of taxes and general repairs.

There is no limit in the will to income only. The testator gives the widow all of such property for her *own use and benefit*, and while the words during "her natural life," which follow, standing alone may

MATTER OF WILLIAMSON.

have the effect of not only fixing the term of the estate, but the extent of the same, which I do not consider it necessary to determine, yet other provisions of the will, taken in connection with all the circumstances, lead me to the conclusion that the intention of the testator was to make a provision for his widow beyond the simple income.

As we have seen, the executors are directed after the death of the widow " to sell, collect and settle up the personal property that may be *left by her* and divide the same," etc.

The testator beyond doubt here disposed of *his* property that his widow might leave.   No other reasonable interpretation can be given to this language than that he contemplated that his widow should use from the principal estate, if necessary.

The learned counsel for the contestant suggests that the words "left by her," the testator had in mind a surplus of the income estate.   This would be a strained and unreasonable construction.   To adopt it would be to impute to the testator an attempt to dispose of the fruits of his wife's estate which he had given her absolutely, and would be equivalent to introducing into the will words of income or profit which nowhere are used therein, to take the place of explicit and clear language (" personal property") which are inseparably connected with the words " left by her."   Indeed, these quoted words are rendered meaningless, if such an interpretation of the will is adopted as limits the estate of the widow to the income alone.

As was said by Judge RAPALLO in the case of Smith

v. Van Ostrand, 64 *N. Y.* 282, a case quite similar to this : " We are inclined to the opinion that he (testator) intended to give her something more than a mere life estate, though less than the absolute ownership or unconditional power of disposition of the fund."

I am here adopting a construction that gives full force and effect to the testator's intention as gathered from his will.

I am of the belief that it was his purpose to make a liberal provision for his widow, and I am brought to the conclusion that any construction which would run counter to his liberality, would thwart such purpose, especially if such construction should have the effect of nullifying words indicating his liberal intention.

Provisions in a will intended for the support of the wife will receive the most favorable construction. Thurber v. Chambers, 66 *N. Y.* 42.

I do not intend, however, to hold that beyond the income that the widow had an absolute right of use or disposition. I think that she was limited to her own personal uses and benefits ; such as maintenance and support and the comforts and necessities of a home commensurate with the estate and the family circumstances, and the preservation of the estate.

The case of Smith v. Van Ostrand, 64 *N. Y.* 278, sustains the conclusion I have reached, and a construction was there adopted such as I have considered the true one.

The cases of Wortman v. Robinson, 44 *Hun*, 357, and Colt v. Heard, 10 *Hun*, 189, cited by the counsel for the contestants, are also authorities to the same effect.

The payments made by the executors for taxes and repairs having been necessarily made for the preservation of the estate, the income estate having been exhausted, I think were authorized, and are accordingly allowed.