ELIZA LEGGETT, Respondent, *v.* CHRISTOPHER C. FIRTH, Appellant.

132        7|
e 75 AD 298|

The will of F., after legacies to the testator's children and a gift to his wife "forever" of the residuary personalty, also a provision that in case the personalty was insufficient to pay said legacies enough real estate should be sold for that purpose, contained this clause "I also give, devise and bequeath to my wife Ellesheba all the rest and residue of my real estate, but on her decease the remainder thereof, if any, I give and devise to my said children or their heirs respectively, to be divided in equal shares between them."    In an action for the specific performance of a contract for the purchase of land which formed part of the residuary real estate, title to which plaintiff claimed through the widow, *held*, that she took only a life estate; but that by necessary implication a beneficial power was conferred upon her to dispose of the residuary real estate, with a limitation over in case of her death without exercising the power; and that, therefore, she could convey a good title.

(Submitted January 26, 1892; decided February 12, 1892.)

APPEAL from judgment of the General Term of the Supreme Court in the second judicial department, entered upon an

order made June 28, 1889, which reversed a judgment in favor of defendant, entered upon a decision of the court on trial at Special Term, and awarded to the plaintiff the relief demanded in the complaint.

Action by the vendor of lands to compel the vendee to perform his agreement to purchase and pay for the same.

December 21, 1888, the parties entered into a contract, in writing and under seal, whereby the plaintiff agreed to sell and the defendant to purchase certain premises in the city of Brooklyn for the consideration of $3,550, payable $100 down, $2,250 on the delivery of the deed, and the balance of $1,200 by assuming a mortgage on the land for that amount. On the day agreed upon for performance the plaintiff tendered a deed, pursuant to the contract, but the defendant refused to accept it or pay the balance of the purchase-money. The defendant, by his answer, denied that the plaintiff owned or was possessed of said premises, and also that she was able to convey and let him into possession of the same. The trial court found that the plaintiff never owned the premises, and dismissed the complaint. The General Term reversed the judgment and made a decree for specific performance.

Further facts are stated in the opinion.

*Remsen & Parsons* for appellant. Equity does not compel a purchaser to accept a doubtful title. (*Seymour v. DeLancey*, 5 Cow. 714; *Shriver* v. *Shriver*, 86 N. Y. 575; *Toole* v. *Toole*, 112 id. 333; *Lockman* v. *Reilley*, 29 Hun, 434.) Specific performance should not be decreed against the vendee unless the vendor can give good title, and one asking specific performance must show a moral certainty that the purchaser would receive such a title as he had contracted to take. (*Hinckley* v. *Smith*, 51 N. Y. 21; *Bensel* v. *Gray*, 80 id. 517; *McPherson* v. *Smith*, 49 Hun, 254.) The plaintiff has not a good title unless Mrs. Flassilard had either a fee or a life estate with a power of disposition. (*Crozier v. Bray*, 39 Hun, 123; *Terry* v. *Wiggins*, 47 N. Y. 512; *Greyston* v. *Clark*, 41 Hun, 125; *Smith* v. *Bell*, 6 Pet. 68; *Brant* v. *V. C. Co.*, 93

U. S. 326; *Bradley* v. *Westcott*, 13 Ves. 445; *Dashwood* v. *Peyton*, 18 id. 40; *Areson* v. *Areson*, 3 Den. 458; *Chamberlain* v. *Taylor*, 105 N. Y. 185.) There is no evidence of adverse possession. Defendant should be compelled to take title on this ground only when such evidence is clear and distinct. (*Shultz* v. *Rose*, 65 How. Pr. 75; *Otlinger* v. *Strosburger*, 33 Hun, 466.) The remaindermen mentioned in the will, the children of Mrs. Flassilard, or their heirs, are not parties to this action, and the courts will not compel specific performance where the validity of the vendor's title depends upon a doubtful question of law, where others having rights dependent on the same question are not parties to the action. (*Jordan* v. *Poillon*, 77 N. Y. 518; *Abbott* v. *James*, 111 id. 673, 678.) The direction contained in the early part of the will to sell the real estate if the personal property be insufficient to pay the legacies, is a cloud upon the title, as they are a charge upon the real estate and that direction is paramount to a power of disposal in the life tenant. (*A. F. Ins. Co.* v. *Bay*, 4 N. Y. 9.)

*James C. Church* and *George W. Pearsall* for respondent. The title conveyed by the widow of Flassillard was good under either one of two aspects: That she took the fee of the property; or that she had a life estate with power of sale. (*Holmes* v. *Shoemaker*, 22 Wend. 137; *Jackson* v. *LeLancy*, 13 Johns. 537; *Jackson* v. *Robbins*, 16 id. 537; *Roseboom* v. *Roseboom*, 81 N. Y. 356; *Clark* v. *Lupp*, 88 id. 228; 100 id. 287; *Thomas* v. *Walford*, 49 Hun, 145; *Colt* v. *Heard*, 10 id. 189; *Van Horne* v. *Campbell*, 100 N. Y. 294.) The judgment in favor of this plaintiff against one of the children of said Flassillard is *res adjudicata* as to the other child or his heirs. (*Malcolm* v. *Rogers*, 5 Cow. 193; Herman on Estoppel, § 154.)

VANN, J. The plaintiff claims title to the premises in question through Ellisheba Flassilard, the widow and devisee of John F. Flassilard, who died in 1857, leaving said widow and

three minor children. By his will, written by his own hand and executed August 1, 1856, he bequeathed to each of his children the sum of one dollar, and to his wife, the household furniture and all the rest of his personal property, " after paying from the same legacies already named, to her forever," and directed that if the personal property should not be sufficient to pay said legacies, enough real estate should be sold to raise money to pay them. The remainder of the disposing part of the will was in these words, viz.: "I also give, devise and bequeath to my wife Ellisheba all the rest and residue of my real estate, but, on her decease, the remainder thereof, if any, I give and devise to my said children, or their heirs, respectively, to be divided in equal shares between them." He appointed his wife sole executrix.

At the date both of his will and of his death, he owned the premises in question, which, on the 20th of August, 1859, were mortgaged by Ellisheba Flassilard to one Pernot. The mortgage was afterwards foreclosed and the premises conveyed by the sheriff to the grantor of the plaintiff.

The question presented by this appeal is whether Mrs. Flassilard took the premises either in fee, or a life estate with power to sell, as claimed by the plaintiff, or a life estate only, as claimed by the defendant. In ascertaining the intention of the testator, which is the primary guide to the construction of his will, regard should be had to the apparent distinction between the gift of the personalty and that of the realty, as by attaching the word " forever " to the former, and withholding it from the latter, a difference in the nature of the gifts is indicated. This would be of slight importance were it not for the gift over to his children of the remainder, " if any," of his real estate already devised to his wife upon her decease, by which the intention to discriminate between the two gifts to her is emphasized. When the gift of the real estate is considered by itself, without contrasting its form with that of the personal property, we see that in a single sentence he devised it to his wife, " but on her decease," he also devised " the remainder thereof, if any," to his children. Here the

significant words are "but" and "if any." "But," as thus used, is a word of limitation, and shows that the testator intended that the previous gift, which was apparently absolute, should not remain absolute, but should be limited by that which followed. It indicates a proviso, condition or qualification, and in connection with the rest of the sentence reduces the previous gift by carving out, not an absolute, but a possible, remainder for the children. The nature of the widow's estate is pointed out by the event, upon the happening of which the devise of the remainder is to take effect. That event is her death, and as she was to hold until that event happened, she took a life estate. (*Crozier* v. *Bray*, 120 N. Y. 366; *Van Horne* v. *Campbell*, 100 id. 287; *Wager* v. *Wager*, 96 id. 164; *Terry* v. *Wiggins*, 47 id. 512; *Norris* v. *Beyea*, 13 id. 280; *Smith* v. *Bell*, 6 Fed. 68; 1 R. S. p. 748, § 1.) But the remainder itself was in turn limited by the words "if any," which show that the testator did not intend that necessarily there would be anything left upon the death of his wife. "The remainder, if any," means the same as "if there shall be any remainder," and the gift over is of what may be left. As it would all be left unless there was a right to dispose of it, it follows by necessary implication that he intended his wife should have that power. Otherwise the words "if any" must be rejected as having no meaning whatever. As was said by the learned General Term the words under consideration "confer a beneficial power of disposition of all the property upon the wife during her life-time, with a limitation over in the event of her death without an exercise of the power. Whether the children took anything under the devise over of all the remainder depended upon a contingency, not indeed expressed, but plainly implied from the words 'if any' and the power of the primary devisee to dispose of the entire estate is implied from the same words of limitation." At common law the gift over would have been void as repugnant to the prior estate, upon the ground that a valid executory devise cannot be defeated at the will of the first taker. (*Jackson* v. *Bull*, 10 Johns. 19; *Van Horne* v. *Campbell*, 100 N. Y. 287.)

Opinion of the Court, per Vann, J.

Under the Revised Statutes, however, an expectant estate may be defeated by any means which the party creating the estate "shall in the creation thereof have provided for or authorized," and such an estate cannot be adjudged void in its creation because it is thus liable to be defeated. (4 R. S. [8th ed.] p. 2434, §§ 32, 33; *Terry* v. *Wiggins*, 47 N. Y. 512, 518; *Thomas* v. *Wolford*, 49 Hun, 145; *Colt* v. *Heard*, 10 id. 189.)

In *Thomas* v. *Wolford*, there was a devise to the first taker apparently absolute, followed by a devise over to the second taker of the same property, "should there be any left;" and in *Colt* v. *Hearst*, there was a similar devise to the first taker and a devise over of "such part thereof as he may have at the time of his decease," and in both cases it was held that the first devisee took a life estate with a beneficial power of sale and that the second devisee took what was left upon the death of the first.

We think that the widow took a life estate with a power of sale to be exercised during her life for her own benefit and that the children took a remainder in fee, subject to the exercise of the power. This construction gives adequate force to every word used by the testator and avoids the defeat of any part of his intention. The subject has been so fully considered by the learned justice who prepared the opinion of the General Term that we do not feel called upon to elaborate our views.

The judgment should be affirmed, with costs.

All concur.

Judgment affirmed.