JOSEPH COLVIN, Respondent, *v.* JOSIAH COLVIN YOUNG, Appellant,
Impleaded, etc.

*Pecuniary legacy — when charged on the testator's real estate — power of a life tenant to dispose of the estate — vesting of a legacy to be paid in the executor's discretion.*

Where a testator does not leave sufficient personal property to pay his debts, funeral expenses and the pecuniary bequests contained in his will, and the disposition of the residuary estate accords with that construction, it will be presumed that it was his intention to charge the legacies on the real estate of which he died seized.

Where a will directs that a legacy be paid by a devisee named in the will, the legacy is charged upon the real estate so devised, whether that devisee be the executor of the will or not.

The following clause appeared in the last will and testament of a testator:

" After all my lawful debts are paid and discharged, I give and bequeath to Josiah Young, my nephew, four hundred ($400.00), to be paid to him when twenty-one years of age, by my executrix, provided that she then judges that he will make proper use of the money ; if she judges otherwise, she shall retain the same, at her discretion, until such time as she shall decide to pay it to him.   It is also to be understood that she is to pay no interest on the money if retained by her."

*Held*, that the limitation imposed by the terms of the bequest, as to the payment of the legacy, had no effect upon the character or the vesting of the gift, which vested absolutely in the legatee upon the death of the testator, and that the limitation related to the time of payment only ; that such limitation was removed by the death of the testator's widow and executrix, and that the legacy became payable at once upon her death.

The following clause also appeared in such last will and testament:

"All the rest, residue of my estate, both real and personal, I devise and bequeath to Eleanor Maria Colvin, my wife, to have and to hold as her own during her natural life, it being my will that she be entirely unrestricted in its use, and that she have full power to sell the real estate and give a deed for the same to the purchaser as though it were hers, and her warranty is herein fully authorized by me.   If there shall be anything left after her decease, of the estate above given and bequeathed to her, it shall be equally divided among," etc.

*Held*, that by such language the widow, who was appointed executrix by such will, was given the absolute power of disposition, except by will, of all the residue of testator's estate remaining after the payment of the pecuniary legacies bequeathed by the will.

APPEAL by the defendant, Josiah Colvin Young, from a judgment of the Supreme Court in favor of the plaintiff, in an action brought for the partition of certain real estate, entered in the office of the

clerk of the county of Cayuga on the 26th day of March, 1894, upon the report of a referee, with notice of an intention to bring up for review on such appeal an interlocutory judgment dated the 24th day of March, 1894.

*C. R. Berry* and *J. D. Teller*, for the appellant.

*A. P. Rich,* for the respondent.

DWIGHT, P. J.:

The action was for the partition of a farm of fifty acres of land, situate in the town of Aurelius, in Cayuga county, of which Josiah Colvin died seized. There were a great number of parties defendant, none of whom appeared in the action, except the appellant, Josiah Colvin Young, and two infants, both of whom made the usual general answer by guardian *ad litem* appointed to represent them. The only issue made was by the answer of the appellant, which set up a lien on the property sought to be partitioned, by virtue of a bequest contained in the will of the deceased, and the question whether that bequest constituted a charge on the real estate of the testator is the only question presented by this appeal. The referee appointed to ascertain the rights and interests of the parties, and " to construe the said will so far as may be necessary," found and reported in favor of the charge and lien of the legacy on the real estate to be partitioned, while the court at Special Term, on motion to confirm the report of the referee, and for judgment accordingly, held and decided otherwise, and directed a sale and distribution of the proceeds of the real estate without payment of the legacy in question. It is from the judgment entered on the latter direction that this appeal is taken.

The disposing clauses of the will of Josiah Colvin are as follows, and the final clause appoints Eleanor M. Colvin, his wife, its executor :

"*First.* After all my lawful debts are paid and discharged I give and bequeath to Josiah Young, my nephew, four hundred ($400.00), to be paid to him when twenty-one years of age, by my executrix, provided that she then judges that he will make proper use of the money ; if she judges otherwise, she shall retain the same at her discretion until such time as she shall decide to pay it to him. It is

also to be understood that she is to pay no interest on the money if retained by her.

"*Second.* I give, devise and bequeath to Harriet N. Blakeman, my niece, one hundred dollars ($100.00), to be paid her by my executrix two years after my decease.

"*Third.* All the rest, residue of my estate, both real and personal, I devise and bequeath to Eleanor Maria Colvin, my wife, to have and to hold·as her own during her natural life, it being my will that she be entirely unrestricted in its use, and that she have full power to sell the real estate and give a deed for the same to the purchaser, as though it were hers, and her warranty is herein fully authorized by me.

"*Fourth.* If there shall be anything left after her decease of the estate above given and bequeathed to her it shall be equally divided among my brothers and sisters; where any of them are deceased the share of said deceased to be given to the legal heirs of the same. This last clause of my will I desire to have executed by the executor or executors of my said wife."

The personal property of the testator, at the time of the execution of his will, and at his death, exclusive of the farm stock and implements, which it must be supposed he intended to remain on the farm for the use of his wife, was not sufficient in value to pay his debts and funeral expenses and the two pecuniary bequests. This fact, and the manner of the disposition of the residuary estate, go far to bring the case within the doctrine of the familiar cases of *Hoyt* v. *Hoyt* (85 N. Y. 142); *Briggs* v. *Carroll* (in this court, 20 N. Y. St. Repr. 552; S. C., on appeal, 117 N. Y. 288); *McCorn* v. *McCorn* (100 id. 511); *Brill* v. *Wright* (112 id. 129), and thus to raise the presumption of an intention on the part of the testator to charge the legacies on the real estate. But the contention of the appellant in this case is not required to rest upon the mere presumption arising out of the form of the testamentary dispositions and the insufficiency of the personal estate. It is, we think, supported by the much more certain and definite rule, of at least equal authority, to the effect that where the will directs that a legacy be paid by the devisee of the real estate, whether that devisee be the executor of the will or another, the legacy is charged upon the real estate so devised. (See *Brown* v. *Knapp,* 79 N. Y. 142, and the cases there

cited in the opinion of EARL, J.; also *Van Rensselaer* v. *Van Rensselaer*, 113 id. 207.)

If it is objected to the application of this rule in this case that the devise to the executrix is of a life estate, and that there is a final remainder over to devisees not charged with the payment of the legacy, the objection is, we think, avoided when the particular character of the devise for life and of the final remainder is considered. It will then be seen that the devise to the executrix is by no means that of a mere life estate, but that it gives to her the absolute disposition of the whole of the residue of the estate and the right to exhaust the whole of it in its use by her if she sees fit. The language is : " It being my will that she be entirely unrestricted in its use ; and that she have full power to sell the real estate and give a deed for the same to the purchaser as though it were hers," and then, " *if there shall be anything left*, after her decease, of the estate above given and bequeathed to her, it shall be equally divided among," etc. This language plainly gave to the widow and executrix the absolute power of disposition except by will, of all the residue of the estate after, as we say, the payment of the legacies before given. (*Leggett* v. *Firth*, 132 N. Y. 7; *Thomas* v. *Wolferd*, 1 N. Y. Supp. 610; *Flanagan* v. *Flanagan*, 8 Abb. N. C. 413.)

The limitation imposed by the terms of the bequest to the appellant, upon the payment of the legacy, had no effect upon the character or the vesting of the gift. It vested absolutely in the legatee upon the death of the testator, and the limitation related to the time of payment only. ( *Van Rensselaer* v. *Van Rensselaer*, *supra* ; *Hone's Ex'rs* v. *Van Schaick*, 20 Wend. 564.) But even that limitation was necessarily removed by the death of the widow and executrix. It was her judgment, alone, which was deferred to by the testator in respect to the time of payment of the legacy, and there is no authority anywhere to substitute any other discretion in the place of hers. The gift, necessarily, became payable at once upon her death.

The executrix had paid twenty-five dollars of the amount during her lifetime, and, by the terms of the bequest, the estate is relieved of the obligation to pay interest during the suspension of payment of the principal in the discretion of the executrix.

The judgment appealed from should be modified so as to declare the legacy in question a lien on the lands to be sold to the extent of $375, with interest from the death of the executrix, and so as to direct the payment of the amount specified to the appellant, out of the proceeds of sale before distribution thereof.

LEWIS, HAIGHT and BRADLEY, JJ., concurred.