## 124 KENDALL v. CASE.

MARY KENDALL and Another, Respondents, v. MARGARET CASE, Appellant, Impleaded with Others.

*Construction of clauses in a will.*

In construing clauses contained in a last will and testament, it is the duty of the court to ascertain the intent of the testator, as it may be gathered from the provisions of the instrument.

Two clauses contained in the last will and testament of a testator were in the following words:

" *Second.* I give, devise and bequeath to my beloved wife, Polly, the control, use and incomes of all my property, both real and personal, of every nature, for her own benefit, so long as she lives, and after the death of my said wife, Polly, and after the payment of funeral charges and erection of suitable tombstones, if any of said real or personal property is left, I order my executor to divide said remainder, share and share alike, and to pay my said children or heirs as follows: Betsey, my daughter, the wife of Ransom Thorne; Mary, my daughter, the wife of John Kendall; Naomi, the wife of my son, Clark Wilber; and Margaret Case, the wife of Joel Case, she being the daughter of my wife Polly; if either of said named should die without issue, then it is to be divided between the others living or having issue.

" *Third.* I hereby nominate and appoint Solomon D. Mackey, of said town, executor of this my last will and testament. I do hereby authorize my executor to sell, convey and deed my real estate, if any is left, if he deems best to do so, and the deed he shall give shall be sufficient deed of all interest owned by me in my real estate."

*Held,* that the testator's wife took a life estate under the provisions of her husband's will, in the real and personal property left to her, with the right to dispose of such property for her support, during her lifetime;

That a grantee named in a conveyance of real estate left by the testator, executed by his widow, would, under the terms of such will, obtain a valid title thereto.

APPEAL by the defendant, Margaret Case, from an interlocutory judgment in partition of the Supreme Court in favor of the plaintiffs, entered in the office of the clerk of the county of Schoharie on the 28th day of April, 1894, upon the decision of the court rendered at the Schoharie Special Term sustaining the plaintiffs' demurrer to the appellant's answer, and appointing a referee to take proofs, etc.

*L. G. Van Tuyl* and *William C. Lamont,* for the appellant.

*C. W. Hinman,* for the respondents.

PUTNAM, J.:

This is an appeal by defendant, Margaret Case, from an interlocutory judgment sustaining plaintiffs' demurrer to the answer. The action was brought for the partition of a lot of land in the county of Schoharie owned by one Vincent R. Wilber at the time of his death. Plaintiffs claimed to be each seized of an undivided one-fourth part thereof under the will of said deceased. The appellant averred that she owned the whole lot under a deed from Polly Wilber, widow of deceased; that under the will of said Vincent R. Wilber said Polly became seized of a life estate in said real estate with a power to dispose of the same during her life for her support and maintenance, and that under said power she duly conveyed the premises to the defendant, Margaret Case. To the answer, which alleged the facts above suggested, the plaintiffs interposed a demurrrer, which was sustained, and the judgment from which this appeal is taken was entered.

The clauses in the will of Vincent R. Wilber which defendant claims conferred upon his widow, Polly, power to dispose of the real estate in question are as follows:

" *Second.* I give, devise and bequeath to my beloved wife, Polly, the control, use and incomes of all my property, both real and personal, of every nature, for her own benefit, so long as she lives, and after the death of my said wife, Polly, and after the payment of funeral charges and erection of suitable tombstones, *if any of said real or personal property is left,* I order my executor to divide said remainder, share and share alike, and to pay my said children or heirs as follows: Betsey, my daughter, the wife of Ransom Thorne; Mary, my daughter, the wife of John Kendall; Naomi, the wife of my son, Clark Wilber; and Margaret Case, the wife of Joel Case, she being the daughter of my wife, Polly; if either of said named should die without issue then it is to be divided between the others living or having issue."

" *Third.* I hereby nominate and appoint Solomon D. Mackey, of said town, executor of this my last will and testament. I do hereby authorize my excutor to sell, convey and deed my real estate, *if any is left,* if he deems best to do so, and the deed he shall give shall be sufficient deed of all interest owned by me in my real estate."

In construing the above-quoted clauses of the will in question, it is our duty to ascertain the intent of the testator as it may be ascertained from the provisions of the instrument. Did he intend to bequeath to her the mere interest and income to be derived from his real and personal property during her life? Or did he, in addition to the income, intend to give to her the power of using such part of said property as might be required for her support? With some doubt and hesitation we have reached a different conclusion as to the construction to be given to the above-quoted provisions of said will than that arrived at by the learned trial court.

In each of the cases cited by him, *Weed* v. *Aldrich* (5 N. Y. Sup. Ct. [T. & C.] 105), and *In re Blauvelt* (20 N. Y. Supp. 119), there was a bequest for life, and after the death of the life devisee an absolute disposal of the remainder. The clause disposing of the remainder contained in the will under consideration, " *if any of said real or personal property is left,*" was not, in either of the wills, considered in those cases, and the distinction between such wills and the one set out in the answer herein is adverted to by the surrogate in the case last cited. He says : " The cases cited to sustain the construction that the widow might exhaust or appropriate the body of the estate in her use of the same are instances where words were used by the testator indicating that he contemplated the exhaustion of or appropriation by the life tenant of the body of the estate. Such as in *Thomas* v. *Wolford* (49 Hun, 145; 21 Abb. N. C. 231), where we find used the words, 'should there be any left to be divided among the children or their heirs.' In *Flanagan* v. *Flanagan* (8 Abb. N. C. 413), 'the portion left of said remainder.' *Simpson* v. *French* (6 Dem. Sur. 108), 'to do with said property as he shall think best.' "

In *Thomas* v. *Wolford* (49 Hun, 145) the provision in the will construed was as follows : " After all my lawful debts are paid and discharged I give and bequeath to my wife, Eliza J. Thomas, all of my real and personal estate that I may die possessed of, during her lifetime, and, at my wife's death, the property, should there be any left, to be divided among the children or their heirs." " Held, that, under the provisions of the will, the wife had, during life, the power of disposition of the estate ; the power to consume or dispose of it as might become expedient or necessary to secure for her this bene-

ficial enjoyment, and that, upon her death, such estate as had not been consumed by her was devised to the children." This case was cited and not disapproved in *Leggett* v. *Firth* (132 N. Y. 7–12). In *Wells* v. *Seeley* (47 Hun, 109) the will provides as follows : " All the rest and residue of my estate, both real and personal, I give and bequeath to my beloved wife, Emily R. Beardsley, to be held and used by her as she shall see fit and proper during the full term of her life ; and ·at her death, if any part of my said estate shall remain unexpended, then, and in that case, I give and bequeath such remaining portion to my said son, Willis S., and my said daughter, Helen P., in equal parts each to each." It was held (page 116) that the widow had a life estate in the property with power to use such portion thereof as she should deem proper for her support during life. In *Flanagan* v. *Flanagan* (8 Abb. N. C. 413) it was decided that a gift to the widow of the use of all the remainder during her life and the portion left of said remainder to be distributed to the poor of St. Peter's Church, gave to the devisee for life a right to dispose of the fund during her lifetime. (See, also, *Matter of Williamson*, 1 Connoly, 139 ; *Smith et al.* v. *Van Ostrand*, 64 N. Y. 278 ; *Campbell* v. *Beaumont*, 91 id. 464 ; *Leggett* v. *Firth*, 132 id. 7 ; *Colt* v. *Heard*, 10 Hun, 189.)

Under the above authorities, I think it must be held that Polly Wilber, by the provisions of her husband's will, took a life estate in the real and personal property left to her with the right to dispose of said property for her support during her lifetime, and, hence, that the defendant, under her conveyance, derived a valid title to the real estate in question.

Unless the testator intended to devise to his wife such an estate and power, why should he direct his executor to divide the remainder after her death, " *if any of said real or personal property is left ?* " By these words he assumes that none of the real or personal property may be left to divide ; that the property may be used up by the widow. These words indicate his intent that his widow might use and dispose of the body of the estate devised as well as the income thereof. Likewise, when he authorizes his executor to sell his real estate, why does he add " *if any is left ?*" These words show that it was in the mind of the testator that the widow might dispose of the real estate during her lifetime.

We conclude that the interlocutory judgment should be reversed and the demurrer overruled, with costs in this court and the court below.

HERRICK, J., concurred; MAYHAM, P. J., not acting.

Interlocutory judgment reversed, demurrer overruled, with costs in the court below and costs of this appeal.