(19 Misc. Rep. 206.)

## In re HASKELL'S ESTATE.

(Surrogate's Court, Kings County. June Term, 1896.)

**WILLS—INTERPRETATION—ABSOLUTE GIFT.**

    A legatee takes an absolute right to the possession and use of money by a bequest thereof to him, "to have and use the same, interest and principal, or so much thereof as he may wish to use during his lifetime," and after his death "whatever remains of said money to be divided" among certain other legatees.

Application by William S. Haskell for possession of money bequeathed to him by his deceased wife, Sarah A. Haskell. Granted.

W. A. Shortt, for petitioner.
W. J. Taylor, for respondent.

ABBOTT, S. I am of the opinion that the surrogate's court has not jurisdiction to grant the relief prayed for in behalf of the executors, Isabella A. Burt and John B. Sabine. Those applications are therefore dismissed, without costs. All the issues raised upon their application can be effectually disposed of upon their merits, however, in the proceeding instituted in behalf of William S. Haskell. The last will and testament of the testatrix, Sarah A. Haskell, contains, among others, the following legacy:

"First. After my lawful debts are paid, I give and bequeath to my beloved husband, William S. Haskell, all the money of my income in the banks or on hand at the time of my decease. To have and use the same, interest and principal, or so much thereof as he may wish to use during his lifetime. After the death of my said husband, whatever remains of the said money is to be divided equally between my daughter Isabel Augusta Burt and my son Oscar Wood Upton."

This application calls for a construction of the foregoing provision of the will, and no other. As it makes disposition of a particular and definite portion of the property of the testatrix, it does not have any relation to, and must be construed independently of and without reference to, the other parts of the will, unless there be some ambiguity therein of which other portions of the will will afford some explanation. The dispository part of the provision quoted is not ambiguous. Whatever the property may be which was in the contemplation of the testatrix, she first gives and bequeaths it to her husband, William S. Haskell, absolutely. The absolute gift is then qualified by a clause in the nature of an habendum clause: "To have and use the same, interest and principal, or so much thereof as he may wish to use during his lifetime." Unquestionably, if the foregoing habendum clause shall be found to impose any limitation upon the preceding absolute gift, full force and effect must be given to such limitation, and the absolute bequest must be deemed to have been qualified thereby. Terry v. Wiggins, 47 N. Y. 512; Leggett v. Firth, 132 N. Y. 7, 29 N. E. 950. What are these limitations, if any such exist? (1) "To have and use the same, interest and principal," or (2) "to have and use so much" thereof (that is of principal and interest) "as he may wish to use during his lifetime." There exists no limitation whatsoever to

the manner in which the property, principal and interest, shall be used by the legatee, and none as to the amount thereof to be used, except the sole and absolute will of the legatee. He is to have and use so much thereof as he may wish to use during "his lifetime." He has, by his sworn petition in this proceeding, expressed his wish to use the entire fund. No trust has been created by the testatrix with reference to this property, and nothing contained in the will raises any implication of any trust; and, even if the provisions be construed as in terms a legacy for life, he is, nevertheless, entitled to the immediate possession, custody, and control of this fund, without the giving or filing of any bond. The fact that he is empowered to use such portion of the principal "as he may wish" entitles him to such possession and custody, since the use which he shall make of it is to be determined only by his personal and individual will. Smith v. Van Ostrand, 64 N. Y. 284; In re McDougall, 141 N. Y. 21–27, 35 N. E. 961, and cases there cited.

This conclusion would seem to be decisive of the present application, and to entitle the petitioner, William S. Haskell, to the relief for which he prays. All questions relating to the construction of the clause which directs the disposition of "whatever remains of the said money" after the death of William S. Haskell may well be postponed until the happening of the event which will determine whether or not any part of the property will remain at that time unused by the primary legatee. The words "so much thereof as he may wish to use," and "after the death of my said husband, whatever remains of the said money," imply an absolute power of disposition in William S. Haskell during his lifetime for his own benefit. Campbell v. Beaumont, 91 N. Y. 464. At page 468, Judge Danforth, commenting on a number of cases cited by him, writes:

"In all these cases it was in substance held that, when the property is expressly or by necessary implication to be spent by the primary legatee at his pleasure, a further limitation is clearly hostile to the nature and intention of the gift."

Here so much of the property is to be held and used by the legatee William S. Haskell "as he may wish." There is no limitation or restriction as to the manner of such use other than his own will. Van Horne v. Campbell, 100 N. Y. 287, 3 N. E. 316, 771; Clarke v. Leupp, 88 N. Y. 228; Leggett v. Firth, 132 N. Y. 7–11, 29 N. E. 950.

The Case of Fernbacher, 17 Abb. N. C. 339, relied upon by counsel for the son and daughter of the testatrix, does not conflict with the views here stated in the slightest degree. In that case Judge Rollins construed the will then under consideration as giving to the claimant a life estate, and limiting her to the use of only the income derived therefrom. He clearly recognizes the principle that if the life tenant had been granted an absolute power of disposition of the fund for her own benefit, without any limitation or restriction, her title would have been absolute. So, also, in Thomas v. Wolford, 21 Abb. N. C. 231, 1 N. Y. Supp. 610. Judge Van Brunt, writing the opinion, construed the provision then before him as limiting the power of the legatee in the use of the corpus of the fund to

her support and maintenance. I can find nowhere in the will of Mrs. Haskell either the expression or implication of any intention on her part to limit or restrict her husband in the use of the fund, bequeathed to him by the clause of the will under consideration.

It is unnecessary to determine at this time whether the bequest over to the son and daughter of the testatrix of "whatever remains of said money," after the decease of William S. Haskell, is a valid future estate limited on a prior estate for life in William S. Haskell, under the provisions of 1 Rev. St. p. 732, §§ 81–85 (4 Rev. St. [8th Ed.] p. 2446), and 1 Rev. St. p. 773, § 2 (4 Rev. St. [8th Ed.] p. 2516). This question may best be determined when it shall have been ascertained whether or not the life tenant has in his lifetime executed the power of disposition granted to him. There is, however, an ambiguity contained in the provision under consideration as to the property of which the testatrix intended to dispose thereby. Counsel for Mr. Haskell suggest an explanation of this ambiguity, but the statements of his brief are not evidence. The answer of the executors, Isabella A. Burt and John B. Sabine, seems to assume throughout that the moneys in bank, amounting to $13,976, and the promissory note of George H. Burt & Co., for $6,000, and other obligations due to Mrs. Haskell at the time of her decease, were all proceeds of "money of my income," whatever that may mean. If this fact be agreed upon, as well as the exact property in which the said money is invested, and furnished to me in the form of a stipulation, I will then determine whether the property referred to in the "first" clause of the will includes promissory notes and other obligations and securities. If these facts cannot be agreed upon, I will take testimony upon this subject, upon the settlement of the decree to be entered hereon.

Decreed accordingly.