(34 Misc. Rep. 370.)

GROSS et al. v. MATHEWSON.

(Supreme Court, Special Term, Erie County.   March, 1901.)

WILLS—CONSTRUCTION—NATURE OF ESTATE.

Where a will devised one-fourth of all testator's property, real and personal, to his daughter, with a provision that she should expend or dispose of so much of said property as she might choose, a subsequent devise of any remainder to her children does not cut down the devise of the absolute fee to a life estate.

Action by Mary E. Gross and others against Addison G. Mathewson.   Demurrer to the complaint sustained.

Delvert A. Adams, for demurrer.
Shire & Jellinek, opposed.

HOOKER, J.   The only question presented by this demurrer is whether an absolute fee, or simply a life estate with power to alienate during life, is granted to defendant's testatrix by the following clause in the will of the father of such testatrix, to wit:

"I give, devise, and bequeath unto my daughter Jane Eliza Mathewson * * * the undivided one-fourth part of all the property and estate, real and personal, of which I die seised and possessed; the rents and profits, use, interest, and income thereof; and, on her death, whatever may remain of said property, principal, interest, or income, unexpended by the said Jane Eliza, I give, devise, and bequeath to the children of her body, alive at the time of her decease, in equal shares. * * * And it is my will that the said Jane Eliza shall use, dispose of, or expend so much of the said property and estate, real and personal, use, income, and interest, as she may choose during her natural life."

That a testator may devise his property to a person during life, giving such person an additional power of disposal, without enlarging the estate to a fee, is well settled.   Terry v. Wiggins, 47 N. Y. 512; Thomas v. Wolford, 49 Hun, 145, 1 N. Y. Supp. 610.   The testator's intention is to be ascertained, if possible, and will control.   Such clauses in wills have frequently received the consideration of the courts in this jurisdiction, and it is well settled that when the words of the will, in the first instance, clearly indicate a disposition in the testator to give the entire interest, use, and benefit of the estate absolutely to the donee, it will not be restricted or cut down to any less estate by subsequent or ambiguous words, inferential in their intent.   Clarke v. Leupp, 88 N. Y. 228, 231; Banzer v. Banzer, 156 N. Y. 429, 435, 51 N. E. 291.   The court of appeals held also in Goodwin v. Coddington, 154 N. Y. 283, 286, 48 N. E. 729, that whenever the will begins with an absolute gift, in order to cut it down, the latter part of the will must show as clear an intention in that direction as the prior part does to make it.   Applying this rule to the clause in question, it is at once clear that the will begins with an absolute gift, to wit, "I give, devise, and bequeath unto my daughter * * * the undivided one-fourth part of all the property and estate, real and personal, of which I die seised and possessed;" and here the testator finishes such absolute gift with a semicolon.   This cannot be construed otherwise than as an absolute gift of the fee.   Under the rule, the subsequent words must

show as clear an intention to cut down this absolute fee as the words quoted show an intention to give it. The most favorable reading of the balance of the clause cannot hold it to be more than inferential in its intent. In none of the cases cited by the plaintiff does the will begin with words of absolute gift. Thus, in Terry v. Wiggins, 47 N. Y. 513, 515, the property was given "for her own personal use and maintenance," and the court says, at page 515, that such a use must necessarily terminate at death. In Thomas v. Wolford, 49 Hun, 145, 1 N. Y. Supp. 610, the property was given "during her lifetime"; and in Wells v. Seeley, 47 Hun, 109, it was given "to be held and used by her as she shall see fit and proper, during the full term of her life." It seems unnecessary to determine whether Smith v. Bell, 6 Pet. 68, 8 L. Ed. 322, cited by the plaintiffs, supports their contention, in the face of the pronounced trend of the later decisions of the court of last resort in this state. The demurrer should be sustained, with costs.

Demurrer sustained, with costs.