(37 Misc. Rep. 716.)

## In re WEEDEN'S ESTATE.

(Surrogate's Court, Saratoga County. April, 1902.)

1. WILL—CONSTRUCTION—LIFE ESTATE.

Testatrix bequeathed to her husband the use and occupancy of her estate, both real and personal, during his life, and "to such extent as he may deem necessary for his comfort"; at his decease, the property to go to testatrix's granddaughter. *Held*, that the husband took a life estate, with a right to use so much of the principal as he might deem necessary.

2. SAME

Where the life tenant under a will had the right to use as much of the principal as he deemed necessary for his comfort, the principal which he used himself, or which he paid to one who kept house for him, will be deemed to have been expended by the life tenant under the authority given by the will.

Proceeding by Lee Smith, administrator with the will annexed of Emma A. Weeden, to compel Charles D. Gardner and James C. Weeden, as executors of William C. Weeden, deceased, executor of Emma A. Weeden, to account. Decree rendered.

William J. Delaney, for administrator, etc., of Emma A. Weeden. Willard J. Miner, for executors of William C. Weeden.

LESTER, S. Emma A. Weeden died at Greenfield, Saratoga county, April 16, 1896, leaving a last will and testament, which was afterward admitted to probate by the surrogate of Saratoga county, by which she appointed William C. Weeden the executor thereof. Letters testamentary were duly issued to the said William C. Weeden, and thereafter, and on the 14th day of November, 1900, said executor died, also leaving a last will and testament appointing Charles D. Gardner and James Waldron executors thereof, which last-mentioned will was thereafter duly admitted to probate by said surrogate, and letters testamentary were thereupon duly issued to the executors named therein. After the death of the said William C. Weeden, Lee Smith was duly appointed administrator with the will annexed of the goods, chattels, and credits of the said Emma A. Weeden; and said administrator now claims that the said William C. Weeden had at the time of his decease, or had received prior thereto, certain assets of the estate of the said Emma A. Weeden, for which his estate is now accountable. This claim the executors of William C. Weeden dispute. The parties have agreed upon the facts involved in the controversy, and have stipulated to submit the matters in difference between them to the judgment of the surrogate.

The parties have proceeded upon the theory that this is such a claim as is contemplated by section 2718 of the Code of Civil Pro—

cedure, and one which might be referred as provided by that section. Such, however, is not its true character. This is, in effect, an attempt on the part of the administrator with the will annexed to call the executors of the deceased executor to account as provided by section 2606 of the Code. The executors of the said William C. Weeden having voluntarily appeared and stipulated to submit the questions which arise on such accounting to the judgment of the surrogate, I cannot see why the surrogate may not dispose of such questions as effectually as though the executors had been brought before him by a petition and a citation issued thereon in the usual way.

The facts upon which the claim of the administrator, Smith, is based, are as follows:

On the 4th day of April, 1900, William C. Weeden had in his hands $354 arising from the sale of assets of the estate of Emma A. Weeden. On that day he deposited the money in the Citizens' National Bank of Saratoga Springs and took therefor four certificates of deposit, as follows: Certificate No. 1,705, payable to himself or William Richmond, for $54; certificate No. 1,706, payable to Anna M. Grant, for $100; certificate No. 1,707, payable to Anna M. Grant, for $100; certificate No. 1,708, payable to Anna M. Grant, for $100. The bank has since paid these certificates to the payees named therein.

The will of Emma A. Weeden contained the following provision:

"First. After all my lawful debts are paid and discharged, I give and bequeath unto my husband, William C. Weeden, the use and occupancy of all my estate, both real and personal, during his lifetime, and to such extent as he may deem necessary for his comfort. At his decease all property remaining to belong to my granddaughter Elneece May Weeden, if she be then living; and in the event of her death or at her decease leaving no issue her surviving, all of said property so remaining shall become the property absolutely of Mary McGirk, of Easton, N. J."

The executors of William C. Weeden claim that under this provision he had the right to appropriate so much of the principal of the estate of Emma A. Weeden as he deemed necessary for his comfort, and that having exercised this right in his lifetime, and expended the $354, or transferred it to Anna M. Grant, his representatives are not liable to account therefor.

In addition to the facts embodied in the stipulation, it was conceded on the argument that William C. Weeden had, in his lifetime, conveyed certain of his real estate to said Anna M. Grant for services as housekeeper and nurse, a copy of the deed of which conveyance was submitted to the surrogate.

The testatrix inserted in her will certain language which seems to me significant, and which I cannot forbear to think was employed by her for the purpose of extending her gift to her husband beyond a mere life estate. After having given to him the use of all her estate during his lifetime, she added these words: "And to such extent as he may deem necessary for his comfort." These words, to my mind, import an expectation on the part of the testatrix that the interest and income derived from her estate might not suffice for the comfort of her husband, and an intention to extend her gift to an expenditure of

so much of the principal of her estate as her husband deemed neces-. sary for his comfort. The subsequent language strengthens this belief. She gives to her granddaughter, at the decease of her husband, "all property remaining," and in case of her granddaughter's death she gives to Mary McGirk "all of said property so remaining"; clearly contemplating, it seems to me, that the property which she left at her decease, and which she gave to her husband to use to such extent as he might deem necessary, might not all remain at the time of his decease, but that a part or the whole of it might be used up and expended by him during his lifetime. In my opinion, William C. Weeden took a life estate in the property bequeathed to him by his wife, with the right to use so much of the principal as he might deem necessary for his comfort. Rose v. Hatch, 125 N. Y. 427, 26 N. E. 467.

I have reached this conclusion not without difficulty, for the intention of the testatrix is not so clear as in many of the cases that have been referred to by the counsel for the administrator. Such cogent clauses as "if any of said real or personal property is left," as in Kendall v. Case, 84 Hun, 124, 32 N. Y. Supp. 553, or "should there be any left," as in Thomas v. Walford (Sup.) 1 N. Y. Supp. 610, do not appear in the will under consideration; yet the care which the testatrix uses in the subsequent gifts to her granddaughter and to Mary McGirk to employ language that imports the gift to them, not of that property the use of which she bequeaths to her husband for life, but only of "all property remaining," coupled with the previous language to which reference has been made, compels my present conclusion.

I appreciate the fact that the use which William C. Weeden made of his wife's bequest has resulted in depriving her granddaughter of the fruits of the grandmother's bounty, and has probably enabled him to save property of his own to bestow in accordance with his own wishes. I have, moreover, attentively considered the case of Owens v. Owens, 64 App. Div. 212, 71 N. Y. Supp. 1108, where the words "if any there be," used by the testator in connection with the disposition of the remainder of his estate after the death of the life tenant, were held to have relation to the possible exhaustion of his estate in the payment of pecuniary legacies for which he had previously provided, and is therefore to be distinguished from the case at bar. As William C. Weeden either used the money which is the subject of the present claim himself, or paid it over principally to one who had kept house for him and nursed him in sickness, the presumption is that the money was expended under the authority given him in the will to use the estate of the testatrix to such extent as he might deem necessary for his comfort. Swarthout v. Ranier, 143 N. Y. 499, 38 N. E. 726.

For these reasons, I hold that the estate of William C. Weeden is not liable to pay over to the administrator with the will annexed of Emma A. Weeden the amount of money represented by the certificates of deposit above mentioned. A decree may be submitted accordingly. Decreed accordingly.