In the Matter of the Construction of the Will of EDWIN W. SMITH, Deceased.

Surrogate's Court, Suffolk County, June 24, 1935.

*Partridge & Sullivan*, for the petitioner.

*William G. Bushell*, opposed.

PELLETREAU, S. I am asked to construe the will of Edwin W. Smith. He died January 11, 1920, leaving a last will dated October 7, 1903, duly admitted to probate in this county, of which the following is a copy.

" This is my last and only will and being in my right mind, I give to my Daughter Mabel N. Smith all the things that came from her mother now deceased Together with $150.00 with Interest at 4% held in trust by me for her. To my wife Eliza J. Smith I give all the rest of my property both real and personal to dispose of as she thinks best with the understanding that if my daughter

Mabel survive her that the residue of the property will go down to her. I would also advise that my wife be appointed Guardian of my daughters estate in case of my death.

"EDWIN W. SMITH.

" MONTRAVILLE M. BURR } *Witnesses*·
    ISRAEL CARLL. }

" Dated, at NORTHPORT
    Oct. 7th, 1903.

" For executors I appoint my wife Eliza J. Smith and Israel Carll."

The widow of the testator and his friend Israel Carll were appointed administrators, with the will annexed, their appointment as executors not appearing in the body of the will above the signature of the testator.

The decedent was survived by his widow, Eliza J. Smith, and his daughter, Mabel N. Smith. There is testimony to show that the said daughter was mentally just below normal, though I consider that has little bearing upon the construction of this will. The widow, Eliza J. Smith, died March 13, 1923, leaving a will duly probated in this court. Mabel N. Smith, aforesaid, died intestate in 1934. The question is, who is now the owner of the residue of the property of Edwin W. Smith which was undisposed of by his wife during her lifetime. The testator apparently wrote his own will. It was the work of a layman. That should be borne in mind in construing the will. What did the testator mean by the word " understanding? " It is a word of common and frequent use and of varying meaning. I think that Edwin W. Smith meant that his widow should have and use so much of his estate as was necessary during her life and that he meant to give, and did give, the residue to his daughter. The said widow did not dispose of certain real properties described in the petition herein, and in my opinion such real property under this will became the property of the daughter Mabel.

Eliza J. Smith, aforesaid, was a childless second wife. Mabel N. Smith was the testator's only descendant and sole heir. I think the widow took a life estate with a power of sale to be exercised during her life for her own benefit, and that Mabel, the daughter, took a remainder in fee, subject to the exercise of the power. This construction gives adequate force to the words used by the testator and avoids the defeat of any part of his intention. (See *Leggett* v. *Firth*, 132 N. Y. 7.) The common-law rule governing repugnant gifts has been changed by statute. (See Real Prop. Law, § 57, also Pers. Prop. Law, § 11, in effect at the time of the death of Edwin W. Smith.)

The prayer of the petition is granted.

Decree accordingly.