John D. Bennett, S.
This is a proceeding in which the court is requested to construe the extent of the bequest to the widow.
*415 The will insofar as material reads: “I will and devise -all my property, of whatever kind, real and personal, * * * to my beloved wife Mary A., for her lifetime, with the request that she distribute to our son James Sylvester White such articles, jewelry and personal apparel.
1 ‘ Upon the death of my beloved wife Mary A., it is my will and direction that the whole of my estate, real and personal or so much of it as shall remain unexpended or undisbursed shall revert to our son James Sylvester White and his child or children,”
The bequest to the wife is not dissimilar to those appearing in Leggett v. Firth (132 N. Y. 7) and Seaward v. Davis (198 N. Y. 415). In the Leggett case there was a gift to the wife of “ all the rest and residue of my real estate, but, on her decease, the remainder thereof, if any” was given to testator’s children (p. 10). The court there held that the widow took a life estate with power to dispose of the residuary, with a limitation over in the event of her death without exercising the power of disposition.
In Seaward v. Davis (supra, p. 417), the testator gave Ms personal property to his wife and provided that il (w)hatever personal estate may remain at the decease of my wife I give and bequeath ’ ’ to named legatees. Citing the determination in the Leggett case, the Court of Appeals held that the provision gave the widow a life estate with power of disposition during her lifetime with remainder over of .such part as she might not dispose of to persons named in the will,
The bequest of the wife is accordingly construed as granting to her a life estate with an absolute power of disposition during her lifetime and a gift over of what may remain or be unexpended as directed by the testator.