ORANGE COUNTY.—HON. R. C. COLEMAN, SURROGATE.—February, 1884.

CARPENTER v. CARPENTER.

*In the matter of the judicial settlement of the account of* PHEBE H. CARPENTER, *as executrix of the will of* ALBERT CARPENTER, *deceased.*

Though the law does not favor partial intestacy, a decedent may.

There is no presumption, where one makes a will, that he intends to make a disposition of his whole estate in a manner different from that in which the law would do it ; or, where the will does not in terms make a complete disposition, that he has not in mind the provisions of the law as to the undisposed portion.

The gift, by a will, of authority to one nominated as executor to compromise and settle claims, is not evidence of an intent to bestow any greater interest in the estate than he would have possessed by virtue of the mere nomination to act in the executorial capacity.

Testator's will, after directing the payment of debts and funeral expenses, provided : "I give, devise and bequeath to my wife, C., all my personal estate that I may be possessed of at the time of my death, consisting of whatever it may be at that time, real and personal, for her separate use and benefit during her natural life," without any provision over. It further appointed C. executrix, and authorized her to compound, compromise and settle all claims in favor of, or against the estate ; but made no other dispositions. Upon an application by the next of kin to compel C. to account as executrix, she contended that she was entitled under the will to the entire estate, and petitioners had no *status* as such.—

*Held,* that C. took a life estate in decedent's property, which, after her death, would pass by operation of law to his heirs and next of kin.

PETITION by Albert Carpenter and others, adult.

children and next of kin of decedent, to compel Phebe
H. Carpenter, his widow and the executrix of his will, to
account.    The facts appear sufficiently in the opinion.

DARWIN W. ESMOND, *for next of kin.*

JAMES G. GRAHAM, *for executrix.*

THE SURROGATE.—This is a compulsory accounting,
instituted by the next of kin of deceased.    The widow,
who is also the executrix, claims to be entitled, under
the will, to the whole estate, and that the petitioners
have, therefore, no standing to ask for an accounting.

The will, after directing the payment of debts and
funeral expenses, reads as follows : " I give, devise and
bequeath to my wife, Phebe H. Carpenter, all my per-
sonal estate that I may be possessed of at the time of
my death, consisting of whatsoever it may be at that
time, real and personal, for her separate use and bene-
fit during her natural life." The wife is then appointed
executrix, and authorized and empowered to com-
pound, compromise and settle all claims against or in
favor of the estate.    These are the only provisions of
the will; no disposition is made of testator's estate
after his wife's death.    The testator, at the time of his
death, was carrying on a small grocery business, and
was the owner of a small house and lot, which is mort-
gaged; his widow was his second wife ; he left several
children by his first wife, who are all adults, and no
children by his second wife.

It is claimed, on behalf of the widow, from the fact
that no disposition is made of the estate after her death,
and that she is the sole executrix, with power to settle

all claims, that, notwithstanding the limiting words "for her separate use and benefit during her natural life," the testator intended by his will to dispose of his whole estate ; that the limiting words were used inadvertently, without a knowledge of their legal effect ; and that the bequest to the wife is an absolute one.

JOHNSON, senator, in Areson v. Areson (*3 Denio, 463*), says no intendment can be made, contrary to the plain and usual sense of the words of a will, *unless other parts of it* show that the testator could not have intended that the language should have its ordinary application ; and the intent of the testator ought to appear plainly upon the will itself, otherwise the heir should not be disinherited.

If two parts of a will are irreconcilable with each other the last part is generally to be taken as evidence of the latest intention of the testator, but this rule is only applied in those cases where the two provisions are totally inconsistent with each other, and where the intention of the testator cannot be otherwise ascertained.   This rule is only adopted from necessity, to prevent the avoiding of both provisions for uncertainty (Roseboom v. Roseboom, *15 Hun, 314*).   I have stated the above rules and principles for construction of wills, because I believe them to be those which have been applied by the courts in a number of cases, where the gift "of the use," or "the income," or "during the natural life," has been held to give a fee, and that we may see that these rules cannot be applied in this case.

All authorities concur in this,—that the intention of the testator shall control in the construction of wills, and that the law does not favor par-

tial intestacy. It must not be presumed, however, that, when a person makes a will, he intends to make a different disposition of the whole of his estate from what the law would do; or that, where the will fails in terms to make a complete disposition of all of his property, he did not have in mind the provisions the law makes as to that part not mentioned by him.

The Revised Statutes provide that "the term heirs, or other words of inheritance, shall not be requisite to create an estate in fee; and every grant or devise of real estate, or any interest therein, hereafter executed, shall pass all the estate of the grantor or testator, *unless the intent to pass a less estate or interest, shall appear by express terms, or be necessarily implied in the terms of such grant.*"

PORTER, senator, in Areson v. Areson (*supra*), says that the Revised Statutes are supposed to speak the general language, and to carry out the general intention of testators, and where a testator intends to give a less interest than he had he would be much more care·ful to make that intent manifest. And Judge TALCOTT, in Roseboom v. Roseboom (*supra*), says that the testator's intention, in harmony with which a will is to be construed, is to be derived from the language of the will, and is not to be founded upon any outside speculation as to his motive, or to be raised by what appears to us to be the injustice of the disposition of the property which the will clearly indicates.

I do not think that the authority given in the will to compromise and settle claims is any evidence of an intention to give any greater interest in, or control over, the property than would have been had from a simple

nomination as executrix. It is of no more force than the direction, also mentioned in the will, to pay debts and funeral expenses. These powers and duties would have been imposed by law, by the appointment as executrix, although not mentioned in the will. So that we have, in this case, a will with a provision which, by itself, is of plain import, and about which a doubt is only raised in the mind from facts outside of itself, that is, by the knowledge that the will does not dispose of the testator's whole estate, if the words are given their usual meaning, thus raising the query:—did the testator intend to make in his will a complete disposition of all his estate ?

·Now, applying rules already laid down for the construction of wills, courts will not give a meaning contrary to the plain and usual sense of the words, *unless other parts of the will* make it necessary, *or, by the will*, another intent of the testator is to be gathered ; neither of these conditions exist. It can only be supposed, therefore, that the testator intended to give the use and benefit of his estate to his wife during her natural life, and, at her death, the corpus of the estate to pass, by operation of law, to his next of kin and heirs at law.

In some of the reported cases, relied upon by the counsel for the widow, where personal estate only was in question, from its nature the courts seem to have adopted a somewhat different rule ; but in this case the provision is such that no distinction can possibly be made.

The application for the accounting is sustained.