LANDON, J., concurred; MAYHAM, J., concurred in the result.

Judgment and order reversed, new trial granted, costs to abide event.

---

IN THE MATTER OF THE APPLICATION TO COMPEL MARY SWAN, AS EXECUTRIX OF HIRAM SWAN, DECEASED, TO GIVE NEW OR FURTHER SECURITY.

*Will — construction of — what words create a life estate.*

The will of a testator gave to his widow "the use and benefit" of all his estate, real and personal, during the term of her natural life or so long as she remained his widow, except $500, directed to be paid to his son when he became twenty-one years of age. The will further directed that after the death or marriage of his widow "the balance" of the testator's estate should be divided between his son and his daughter; but that, in case of remarriage, his widow should be first paid $200. His executors were authorized to sell his property, real and personal, to pay off debts and "to put the balance at interest on good security, and to keep the same on interest until the property is divided as above (in the will) specified."

*Held*, that the widow did not take a fee; that she was entitled only to the income of the estate for life or until her remarriage, and in case of her remarriage to $200.

APPEAL by the applicant in this proceeding, Rebecca A. Swan, from an order, entered in the office of the Surrogate's Court of the county of Albany on the 3d day of October, 1890, denying her application for an order compelling Mary Swan, as the executrix of the last will and testament of Hiram Swan, deceased, to execute

and file new or further security for the faithful performance by her of her duties as such executrix.

*Lansing Hotaling*, for the applicant, appellant.

*John B. Grant*, for the executrix, respondent.

LEARNED, P. J.:

The learned surrogate in denying this application placed his decision not on grounds of discretion, but on the ground that, under the will, Mary Swan has a right to the principal as well as the interest of the estate after payment of the debts and of the legacy to Erskine. The appeal, therefore, requires us to construe the will in this respect.

It gives to Mary Swan " the use and benefit of all my estate, real and personal, during the term of her natural life, or so long as she remains my widow." It excepts, however, $500 to be paid testator's son Erskine when he becomes twenty-one. This has been paid. It declares that after the death or marriage of Mary, " the balance of my estate " shall be equally divided between his son Erskine and his daughter Mary Etta, only that in case of the marriage of said Mary she be first paid $200 out of the balance.

It authorizes the executors to sell " real estate, and to sell any or all of my farming utensils and stock, and also my plank-road stock and household furniture, and convert the same into cash, and with the proceeds to pay off my just and legal debts, and to put the balance at interest on good security, and to keep the same on interest until the property is divided as above specified."

It will be seen, then, that the interest which the widow Mary was to enjoy was to cease at her death or marriage ; but on her marriage she was to have $200 before the residue was divided between Erskine and Mary Etta. That clause evidently shows that the testator had in mind that a certain sum at least would be kept of the principal of the estate. So, also, the item giving $500 to Erskine when he should become twenty-one (which would be seven years after testator's death), shows that the testator did not intend that the whole estate should be used up before that time. To the same effect is the direction that the executors may sell the land and keep the avails at interest till the property is divided. This does not indicate that the principal was to be consumed.

In coming, then, to construe the gift to the widow we must notice that it is expressed to be during the term of her natural life, or as long as she remains his widow.   It will be found that, in this respect, the language differs from many of the cases cited by respondent. A gift of the use and benefit of an estate does not mean more than the estate itself.   And a gift of an estate to a person during the term of her natural life, or as long as she should· remain a widow, would not be understood to carry a fee.

The case of *Campbell* v. *Beaumont* (91 N. Y., 464) is one of the strongest in support of the respondent's views.   But there the gift was not limited by the words " during her life," or any similar words. The question arose on the subsequent clause that, in case of her decease, the same, or *such portion as should remain,* should be received by her son Charles.   This clause was held not to limit the prior gift.   The very words, " such portion as should remain," showed that some portion might be used.   So, in *Crain* v. *Wright* (114 N. Y., 310), there were no words limiting the gift to life or widowhood.

In *Smith* v. *Van Ostrand* (64 N. Y., 278) there were the words " during her natural life" following a bequest of money in lieu of dower.   The court said· that they should construe this to give only a life estate, except for a subsequent provision, viz., that fifty dollars was to be paid the widow as soon as practicable, and the residue in six months.   The court thought that this peculiar provision showed that the testator intended that she should use what was necessary. If there had been no such provision she would have had only the use of the income.   No such provision exists here.   In *Matter of Surrogate of Cayuga County* (46 Hun, 657) the words " during the term of her natural life" were in the will.   But there were also the words " at her disposal," and the bequest and devise after the death of the wife were of the estate " that may remain at the decease of my wife."   These clauses were thought to give the wife more than a life estate.   The question, however, arose only on an assessment of the inheritance tax.   And there was no conflict on that point between the life tenant and the remainder.

In *Cohen* v. *Cohen* (4 Redf., 48) the will gave the residue of which the wife should die possessed to the children.   This was construed as giving her a power of disposal.   Similar in the case of *Leggett* v. *Firth* (6 N. Y. Supp., 158).

Now, in the present case, unlike those cited by the respondent, the gift to the wife is expressly stated to be during the term of her natural life or during widowhood, so that the gift is, by its express terms, limited to a life estate. Nor is there anything in the disposition of the remainder after her life indicating that such remainder was confined to what the widow should not have disposed of during life. The word "balance," used in the third item, evidently refers to the residue after paying Erskine his $500.

Indeed, it is evident that the testator could not have intended that the widow should use up the principal, because he provided for two legacies therefrom, viz., that to Erskine and that to the widow on remarriage. If she was authorized to use the whole, there would be no need of giving her $200 of the principal at her remarriage.

The views above stated are supported by *Taggart* v. *Murray* (53 N. Y., 234); *Millard's Estate* (9 N. Y. Supp., 127); *Carpenter* v. *Carpenter* (2 Dem., 534), and they result from a consideration of the language of the whole will. (*Roseboom* v. *Roseboom*, 81 N. Y., 358.) They are consistent also with the circumstances at the time the will was made and at the time of testator's death. The testator left surviving his widow, aged forty-four; his son, aged fourteen; his daughter, Mary Etta, aged four. It was natural that he should give the use of the property to his widow for life, or till remarried, and the principal after her death to his children.

The respondent appeals to our sympathy in behalf of the widow as against the appellant, whose interest is by marriage and by the death of Erskine. But these are considerations with which we have nothing to do. It is our duty simply to construe the will. We think the widow was, by the will, entitled only to the income and to the $200 in case of remarriage.

Decree reversed and matter sent back to the surrogate for action according to his discretion under this construction. Costs of this appeal to be paid to appellant out of estate.

LANDON, J., concurred; MAYHAM, J., not acting.

Order reversed, matter sent back to surrogate for his action according to his discretion under the construction given by this court. Costs of appeal to appellant out of the estate.