(5 Misc. Rep. 18.)

### DWYER v. WELLS et al.

#### (Supreme Court, Special Term, Erie County. August, 1893.)

WILLS—CONSTRUCTION—RESTRICTING ESTATE.
> Testator gave his property to his widow "for and during her natural life, and at her death so much thereof as shall then remain shall be divided equally among my children." *Held*, that the widow was entitled to the entire income of the property during her life, and the disposition to take effect after her death did not limit her to only so much of the income as was necessary for her support.

Action by Dwyer, as administrator, etc., against Wells and others.

Swift, Weaver & Marcus, for plaintiff.
Marshall & Clinton, for defendant Mary H. Wells.

HAIGHT, J. The question in controversy arises upon the construction of the residuary clause of the will of William Wells, deceased. It is as follows:

> "I give, devise, and bequeath unto my said wife, Elizabeth H. Wells, all the rest, residue, and remainder of my estate, both real and personal, of every name and description, wherever the same is or may be located, to have and to hold the same for and during her natural life, and at her death so much thereof as shall then remain shall be divided equally among my children," etc.

A subsequent clause of the will empowered the executor to sell and convey, upon such terms as he or she shall deem expedient, any portion, or the whole, of the real estate. The wife was named as sole executrix.

A devise or bequest of personal or real estate to another during natural life constitutes a life estate. This was expressly held in the case of Areson v. Areson, 3 Denio, 458. A gift for life is a gift of the use only, and the meaning of the provision is the same as it would have been had the word "use" been inserted. 2 Woerner, Adm'n, § 456; Hyde v. Parrat, 1 P. Wms. 1. A tenant for life of real or personal estate is bound to account for the principal only. The income or interest belongs absolutely to the tenant. Miller v. Delamater, 12 Wend. 433. As we have seen, the will in question devised and bequeathed to the wife all the residue and remainder of the estate, both real and personal, to have and to hold the same for and during her natural life. This created a life estate in the wife, and the income therefrom became hers absolutely, unless it was cut down by the provision which follows,—"and at her death so much thereof as shall then remain shall be divided equally among my children," etc. It is claimed that the words "as shall

then remain" limit her right to the use of the income of the estate to that which was necessary for her support and maintenance. I am unable to adopt this view, for it appears to me that the words were intended to enlarge, rather than to diminish, her estate. There is nothing in the residuary clause which limits the devise or bequest to the support and maintenance of the wife. The devise and bequest are absolute for life, and they are without restriction or other limitation, unless it is found in the words referred to. In Re Will of Cager, 111 N. Y. 343, 18 N. E. Rep. 866, a life estate was given to the wife, and that which "may remain" at her decease was given to other persons. It was held that the provision as to that which may remain tended to enlarge the widow's life estate, and gave her the power to dispose of the corpus necessary for her use. Van Horne v. Campbell, 100 N. Y. 287, 3 N. E. Rep. 316, 771; Smith v. Van Ostrand, 64 N. Y. 278; Terry v. Wiggins, 47 N. Y. 512; Thomas v. Wolford, 49 Hun, 145, 1 N. Y. Supp. 610; Leggett v. Firth, 132 N. Y. 7, 29 N. E. Rep. 950. It was stipulated upon the trial that the income of the residuary estate was sufficient for the support and maintenance of the widow. It is therefore unnecessary to now determine whether the widow had the right to sell any of the corpus of the estate under the residuary clause, for such power, if it existed, would be limited to that which was necessary for her use. A power of sale is given in a subsequent provision of the will, but it is to the executor as such, and that provison does not affect the construction of the clause under consideration. In addition to the authorities cited, see In re Gilbert's Estate, (Surr.) 11 N. Y. Supp. 743; Colt v. Heard, 10 Hun, 189; Wells v. Seeley, 47 Hun, 109; Rose v. Hatch, 125 N. Y. 427, 26 N. E. Rep. 467; Crozier v. Bray, 120 N. Y. 366, 24 N. E. Rep. 712; Thrall v. Spear, 63 Vt. 266, 22 Atl. Rep. 414.

My conclusions are that the widow, Elizabeth H. Wells, took a life estate in all the real and personal property of which William Wells died seised or possessed, not otherwise disposed of by his will; that the income thereof became hers absolutely; that upon her decease her administrator should account for the principal of the estate, but not for the income therefrom. Either party may prepare findings in accordance with the views herein expressed, and submit them to me for settlement on Saturday next, at 11 o'clock A. M.