(47 App. Div. 63.)

KAGER v. BRENNEMAN et al.

(Supreme Court, Appellate Division, First Department. January 19, 1900.)

1. SURROGATE'S COURT—JURISDICTION—JUDGMENT—RES JUDICATA.
　　Code Civ. Proc. § 2743, requires the surrogate's decree on a judicial settlement of an executor's account, where there is property ready for distribution, to determine the validity of the devise, the sum to be paid, the persons to whom it shall be payable, and all other questions concerning the same, and declares that as to such matters the decree is as conclusive as a judgment; and section 2481, subd. 11, gives a surrogate all incidental

powers necessary to carry into effect the powers expressly conferred. *Held*, that a surrogate had jurisdiction to determine an issue as to whether money belonging to the estate had been used by the executor to purchase real property, and hence his decree finding that such money had been so used was conclusive in a subsequent suit by heirs to compel the executor to account therefor.

**2. SAME—PARTIES BOUND.**

Where an executor's wife was a party to the judicial settlement of the executor's account, she is concluded by a decree finding that moneys of the estate were used by her husband in the purchase of land.

**3. SAME—DOWER.**

Where, on a judicial accounting of an executor, to which his wife was a party, a decree was entered finding that he had used certain assets of the estate with which to purchase realty, the wife cannot afterwards claim dower in such property.

Van Brunt, P. J., and McLaughlin, J., dissenting.

Appeal from special term, New York county.

Suit by Josephine Kager against Charles Brenneman and others. From a decree for plaintiff, defendants Charles and Elizabeth Brenneman appeal. Modified.

Argued before VAN BRUNT, P. J., and PATTERSON, McLAUGH-LIN, O'BRIEN, and INGRAHAM, JJ.

A. C. Thomas, for appellants.

H. A. Forster, for respondent.

PATTERSON, J. The question arising on this appeal relates to the competency of the only evidence by which the plaintiff sought to establish the cause of action set forth in the complaint. The suit was brought to compel the defendant Charles Brenneman to account to the plaintiff for her proportion of certain moneys of an estate which came into his hands as the executor of the last will and testament of Frederick Leonhard, deceased, and to follow the moneys into, and to enable her to realize her share by sale of, certain real property in which she alleged the executor had invested the money, and the title to which real property he took, and now holds, in his own name. He is made a party defendant individually and as executor. His wife, Elizabeth Brenneman, is likewise a defendant, as are also certain persons interested under the will of the testator in the same manner as the plaintiff. The present appeal is by the defendants Brenneman. Charles Brenneman in his answer denies that moneys of the estate belonging to the plaintiff were invested in the realty, but he admits that certain moneys of the estate, in which others than the plaintiff are interested, were used in that investment, but with their consent and approbation. The fundamental fact to be established by the plaintiff is the employment of the moneys of the estate in the manner asserted in the complaint. On the trial of the action in the court below, the plaintiff, to sustain her cause of action, offered in evidence the record of a proceeding in the surrogate's court of New York county, including the decree made in that proceeding, settling the account of Brenneman as executor, and establishing the interests of the plaintiff and other legatees in the assets of the estate, and directing distribution among various

parties entitled to share in the estate, including the plaintiff and the defendants other than the Brennemans. In the proceeding in the surrogate's court it was found that the executor, Charles Brenneman, invested $29,188.36 in real estate, of which $12,388.71 was money of the estate of Frederick Leonhard. He was charged by the surrogate on the accounting with the last-mentioned sum. It was also adjudged that the executor had received certain rents, issues, and profits of the same real estate, for which he was accountable in that proceeding, and that this plaintiff was entitled to one undivided eighteenth equal part of such rents, issues, and profits. The surrogate also decreed that the plaintiff was entitled to one-eighteenth equal part of the interest of the estate in the realty acquired partly by the use of the moneys of the estate in its purchase; and he held that the plaintiff was entitled to that share of the realty, and to the possession thereof. It appears by the pleadings that the decree of the surrogate was affirmed by the general term of the supreme court, but on appeal to the court of appeals it was modified; that court striking out of the decree those provisions which constituted an adjudication of title to the realty, and an award of the possession thereof, but it left intact all the other provisions of the decree, which defined what the assets of the estate were, and the shape and form in which they existed. The court below, on the trial of this action, admitted in evidence the surrogate's decree, under the objection and exception of the appellants, whereupon the plaintiff rested her case. The defendants Brenneman offered no evidence, and the justice at special term directed the entry of the judgment now appealed from, in which the relief asked in the complaint is substantially granted.

It was insisted by the defendants at the trial, as it is now, that the plaintiff was bound to establish independently and de novo all the facts which constituted her cause of action; that the surrogate's decree was incompetent for that purpose, because the effect of such a decree is expressly provided for by section 2742 of the Code of Civil Procedure, which declares that the judicial settlement of the account of an executor or administrator is conclusive evidence, against the parties who were cited or appeared on the accounting, of certain facts referred to in that section, and of no others. If the effect of the surrogate's decree in the accounting of Brenneman, executor, is limited by the four subdivisions of section 2742, that decree was plainly incompetent as evidence to establish the fact of the use of the moneys of the estate of Leonhard in the purchase of the real estate involved in this action, or the interest of the plaintiff in that which was produced by the use of such moneys; but on the final settlement of such an account the surrogate has something more to do than pass upon debits and credits of the administration. Where there is a judicial settlement of the account, and any part of the estate is ready for distribution, the decree must direct payment and distribution to the persons entitled, according to their respective rights, and, where the validity of a distributive share has been established upon an accounting, the decree must determine to whom it is payable, the sum to be paid by reason thereof, and

all other questions concerning the same; and with respect to these matters the decree is conclusive as a judgment upon each party to the proceeding who was duly cited or appeared. Section 2743, Code Civ. Proc. The decree of the surrogate in this case was made for distribution on the final settlement of the executor's account, at his own invocation, and it was the duty of the surrogate to ascertain what the assets of the estate were. In order to do that, he had jurisdiction to compel the executor to account for the land in which he had invested the money of the estate, and for that purpose to treat the land as personal property. That was held at the general term upon the accounting of this executor (In re Leonhard's Estate, 86 Hun, 289, 33 N. Y. Supp. 302), upon the authority of Lockman v. Reilly, 95 N. Y. 64; and the decision of the court of appeals in modifying the decree does not suggest or intimate a contrary view. Having the power to compel the executor to account for the land as an asset and as personal property, the surrogate had necessarily the jurisdiction to inquire into and determine all the facts relating to that investment, in order that he might ascertain whether there was accountability for it or not. The powers of the surrogate are undoubtedly only those prescribed by statute, and he has no jurisdiction to declare title, or to pass upon the ownership of realty, or to enforce trusts. But by section 2481, subd. 11, of the Code of Civil Procedure, he has authority given him to exercise such incidental powers as are necessary to carry into effect the powers expressly conferred. Hence, where it is necessary to a decree of distribution, he may construe a will (In re Verplanck, 91 N. Y. 439; Garlock v. Vandevort, 128 N. Y. 374, 28 N. E. 599); and so, in this case, in order to award or make distribution of the interests of the parties entitled as legatees under the Leonhard will, he had the incidental power and jurisdiction to determine those matters of fact which would make the executor chargeable with the real property, and the rents, issues, and profits thereof, as an asset of the testator's estate. Therefore he had the jurisdiction to pass upon that which is the essential and pivotal fact upon which the plaintiff's present case rests, and that matter was litigated before him. It was necessary for him to pass upon it in order that he might determine that the rents, issues, and profits were assets, and to distribute them by the decree. While his jurisdiction was circumscribed, his determination nevertheless constitutes an adjudication of fact by a competent tribunal with respect to the executor's status as to this property; and, as the whole matter has been litigated once between the same parties in a court of competent jurisdiction, it is res adjudicata as to all such parties, they having been properly cited and represented in the surrogate's proceeding.

It was further objected by the defendant Elizabeth Brenneman that the record in the surrogate's court was not competent evidence against her, because of her interest as dowress, and that she did not appear before the surrogate in that relation. She was not cited as the wife of Charles Brenneman, but only as a legatee under the will of her grandfather, and the rule is invoked that she cannot be affected by a decree of the surrogate which would act upon her in-

terest as such dowress. It is a familiar rule that a judgment for or against an executor, administrator, assignee, or trustee does not generally preclude him, in a different action affecting his own person and as an individual, from disputing a finding against him in a representative capacity, if he is not made a party also in his individual capacity, and that a judgment against a party sued only as an individual is not an estoppel against him when he sues or is sued in another capacity or character. But that question does not arise in this case. Mrs. Brenneman was a party duly cited before the surrogate, and she appeared and was represented there. In that proceeding it was adjudged that the interest of the estate in the realty was personal property, to be accounted for by the executor. If it is such, and Charles Brenneman does not hold it in his own right, his wife is not entitled to dower in that fractional interest of the real property which was derived from the investment of the estate money. The finding of the surrogate is that the executor used moneys of the estate in the purchase of this realty. Irrespective of any declaration by the surrogate that the executor thereby became a trustee of a fractional part of the realty for those entitled under the will, that conclusion of law necessarily results from the fact found, and hence the wife would not be entitled to dower in that fractional part.

We think the decree of the surrogate was competent evidence to establish the main fact upon which the plaintiff was entitled to recover, but that the judgment was incorrect in so far as it directed a sale of the premises in order that the interest might be realized out of the proceeds of such sale. The relief granted virtually made this an action for partition. We think that under the proofs the proper judgment would be a direction that the Brennemans convey to the plaintiff and the defendants Edward Leonhard, Mary E. Side, and Frederick Leonhard each the one undivided part or share in the real estate instead of in the proceeds of sale, and that Charles Brenneman account to them for their respective shares of the rents, issues, and profits, subject to whatever deductions may be required under the proofs and findings, and as the same may be made to appear on the settlement of the judgment to be entered on this decision.

The judgment will be modified in accordance with the views herein expressed, and as thus modified affirmed, without costs to either party. All concur, except VAN BRUNT, P. J., and McLAUGHLIN, J., who dissent.