In the Matter of the Judicial Construction of the Last Will and Testament of HIRAM CLICKMAN, Deceased.

(Surrogate's Court, Albany County, September, 1921.)

Wills — construction of — devise to wife during widowhood — absolute right of disposal — determination of title — Real Property Law, §§ 151, 154.

Where a devise to testator's wife "as long as she remains my widow" is followed by apt words giving her an absolute

Misc.]    Surrogate's Court, Albany County, September, 1921.

right of disposal, the question whether she took an absolute fee can only be determined at her death or by her remarriage. Sections 151 and 154 of the Real Property Law do not apply.

PROCEEDING for the construction of a will.

Earl Barkhuff, for Mary E. Clickman, executrix of Hiram Clickman.

Thomas A. Allen, for several heirs at law and next of kin, contestants.

William R. Whitfield, guardian *ad litem* for Emma Mabie, infant.

GLENN, S.    Petitioner prays judicial construction of the will of Hiram Clickman, deceased. The will is dated June 13, 1908. The testator died December 23, 1919, leaving a widow and nieces, nephews and grand-nieces as his only heirs at law and next of kin.

This contention arises under a clause of the will which reads as follows:

" *First.* After all my lawful debts are paid and discharged, I give and bequeath to my wife Mary E. Clickman all my real and personal property to ·hold and retain the same as long as she remains my widow with the *wright* to dispose of it as she may see fit so to do."

Had the clause quoted ended with the words " as long as she remains my widow," there would be no reason to doubt either the intention of the testator or the legal effect ·of the devise. In clear and comprehensive language, the real and personal property were given to her only so long as she remained his widow. There is not only an absence of words necessary to pass a fee, but there is the express use of words giving a less estate.

Surrogate's Court, Albany County, September, 1921. [Vol. 116.

I am of the opinion that the words " as long as she remains my widow " are words of limitation which clearly show it to have been the intention of the testator to limit the duration, at longest, to the natural life of his widow. ·The concluding words of the sentence, " with the *wright* to dispose of it as she may see fit so to do," do not enlarge her estate to an absolute fee.

Such authority confers only a power and not property. The power is given only to the widow, as such, to dispose of it as she may see fit so to do; a power of disposition if she should remain his widow.

In *Taggart* v. *Murray,* 53 N. Y. 233, 238, the court says : " Nor does the power of testamentary disposition given to Cornelia indicate an intent to give her a fee. A devise with power of absolute disposition, unless a life estate is expressly limited to the devisee, passes a fee by implication. But the power of disposition given to the daughter of the testator is limited upon the event of her ' leaving no heirs ' and also to a disposition by will." In this case the widow was limited upon the event of her *remaining his widow.*

It would seem, therefore, that Mary Clickman, the widow, does not take a fee until she has fully complied with the conditions set forth in section 154 of the Real Property Law and until those conditions have been fulfilled, section 151 of that statute does not apply and can only be determined by her death or by her remarriage prior thereto.

Decreed accordingly.