In the Matter of the Construction of the Last Will and Testament of PETER ECKAM, Deceased.

MATIE V. GOLTHARDT, as Coexecutrix, etc., of PETER ECKAM, Deceased, Appellant; FRANK ECKAM and Another, Respondents.

Fourth Department, January 4, 1933.

*Gordon Steele* [*Peter A. Schultz* of counsel], for the appellant.

*Sheldon F. Roe*, for the respondents.

THOMPSON, J. After directing the payment of debts and funeral expenses, the will recites:

" *Second.* I give and bequeath to my beloved wife, Katie Eckam, the use and benefit of all my property, Real and Personal during her natural life and as long as she will remain my widow.

" I also give her the power to sell and convey my property in case she has an opportunity to sell, the money so obtained, is to be deposited in a savings bank for the benefit of my wife."

Omitting certain portions having no bearing upon the question under discussion, there follows:

" After the death of my wife if she so remained my widow, I direct that whatever there remains in real or personal property shall be divided to my four children or their heirs as follows:

" To my daughter, Maddie, all the household furniture of whatever nature, this to be an extra bequeaths to her.

" The balance of my property, being real estate or money on the bank, shall then be divided in four equal shares, between my four

children, William J. Eckam, Edward Eckam, Frank Eckam and Madde Eckam."

The Surrogate's Court made a decree that the will did not give the widow a right to invade the principal, and here we have an appeal from it. The primary thought of the will, as expressed in its first disposing provision, is the gift of the " use and benefit " of testator's property to his widow. It gives her the right to " sell and convey my property," and directs that " the money so obtained, is to be deposited in a savings bank for the benefit of my wife." At her death, the will continues, " whatever there remains in real or personal property shall be divided * * *." It is evident that the testator contemplated his wife's exercising the power to sell real estate. If she did, he could not then have known whether at her death his estate would consist of real estate or personal property, both or either, nor in any case its amount. The significance that must be given to the three words " whatever there remains " must be arrived at as their meaning is limited or extended by the words which immediately follow, to wit: " in real or personal property." Going forward from here it seems that the testator had solely in mind the uncertainty of the nature of the property of which his estate would be found composed at the death of the widow, and its extent. It follows that he intended these words to apply and cover the exigency no matter what it should be. In our view these words do not admit of, nor support, an inference that the maker of this will intended to give his widow the right to deplete the principal of his estate for any purpose.

Again let it be noticed that following the words last above discussed, the will provides that the remainder shall be divided " to my four children or their heirs as follows: To my daughter, Maddie, all the household furniture of whatever nature, this to be an extra bequeaths to her. The balance of my property, being real estate or money on the bank, shall then be divided in four equal shares, between my four children, William J. Eckam, Edward Eckam, Frank Eckam and Madde Eckam." Appellant insists that the use of the words " balance of my property " in this subsequent provision should be taken as indicating that testator intended to grant a right to the widow to invade the principal of the estate. A moment's consideration will give rise to a contrary conclusion. The plain intent here is that whatever there remains in real or personal property at the widow's death shall be divided " to my four children * * *;" first, to the daughter, Maddie, all the household furniture of whatever nature is given; second, the balance, after the gift to Maddie has been taken out of it, and which will consist of real estate or (not and) money in the bank, dependent,

as has been above suggested, upon the widow exercising, failure to exercise or manner of exercising the power of sale, is then to be divided into four equal shares. Upon these considerations, independent of the authorities which we have examined, it seems to us that the will is not capable of a construction which gives the widow the right to spend the principal.

As before stated, the primary disposition of the will is " the use and benefit " of decedent's property. This is a distinct and definite life estate. The grant of power to sell the property of decedent is entirely consistent with this provision. " To such an estate a power of sale * * * [is] natural and appropriate." (*Matter of McClure*, 136 N. Y. 238, 242.) It is fundamental that a primary disposition cannot be cut down or enlarged except by unambiguous words clearly indicating a plain intent to do so. " An express limitation cannot be cut down by a clause of doubtful meaning." (*Adams* v. *Massey*, 184 N. Y. 62, 70.) By the express terms of this instrument we even have the element of " doubtful meaning " removed from us, the will containing no provision from which it can be inferred that the testator intended to authorize the widow to consume any part of the principal of the estate for her support. On the contrary, the disposition of the avails of a sale made by virtue of the power is expressly limited to depositing it in a savings bank for the benefit of the widow.

This will falls at once into the classification found in *Matter of Skinner* (81 App. Div. 449; affd., 180 N. Y. 515, on prevailing opinion below, BARTLETT and VANN, JJ., dissenting on opinion of ADAMS, P. J., below), where in holding that the provisions of a will quite similar to those we are here considering did not give the widow the right to invade the principal, we said, " * * * These cases may [be] divided into two classes: *First*, those in which an estate in fee is devised and which is sought to be pared down by a subsequent clause. The courts adhere quite rigidly to the rule not to defeat the primary purpose unless the intent of the testator so to do is manifest. This series of cases rest upon a rule of construction peculiar to itself. The reasoning upon which it is based carried to its full extent supports the principle by analogy for which we are contending. That is, where the will in unambiguous language gives a specific estate it will not be amplified or lessened by subsequent provisions unless it is apparent it was the intention of the testator so to enlarge or lessen it.

" *Second*, that class of cases where the interjected clause, kindred in expression, we concede, to the one in the will under discussion, limits the ultimate taking to what may be left after the widow has

used whatever she needs. In each of those cases there was a bald, naked clause unexplained by any other part of the will, and this clause had to be interpreted literally or rejected wholly. These are both technical canons of construction, and after all each will depends upon its own language for its interpretation, the overruling principle being that the intent of the testator as gathered from the language used must dominate. *Owens* v. *Owens* (64 App. Div. 212) and *Matter of Runcie* (36 Misc. Rep. 607) are in line with our position."

The provision construed by the court in the above case reads as follows: " After the payment of all my debts and funeral expenses as above provided, I give and bequeath to my said wife, Sarah Parker, the use of all the rest and residue of my mortgages, bonds, notes, accounts, etc., and the debts thereby represented and the moneys due thereon   *   *   *   during her natural life, and on her decease, I give and bequeath to my said children   *   *   * all the rest and residue thereof then remaining, share and share alike."

We are of the opinion that the case of *Kendall* v. *Case* (84 Hun, 124) does not support the construction of the will contended for by the appellants. In the first place it came up upon a demurrer to an answer in a partition action alleging title based on a deed from the testator's widow. The court gave great significance to the words " if any of said real or personal property is left," which was the language of the disposing clause, and to the words " if any is left," which were used in the clause authorizing the executor to sell the real estate after the death of the widow; holding that such words indicated testator's intent that his widow might use and dispose of the whole body of his estate as well as income thereof. In our will the words used in this connection are " whatever there remains," which indicates not that the testator intended to give the widow the right to invade the principal, but, on the contrary, that he intended to give her no such right; otherwise he would have used the words " if any," as the testator did in the *Kendall* case. Moreover, a much truer construction of the words " whatever there remains " is the one we ascribe to them for the reasons given, and for the further reason that testator no doubt looked down the years and visualized the various changes in the nature of his property, which, of course, involved diminishing and increasing values as well as losses due to depreciation and upkeep, which time imposes on ownership, possession and enjoyment of property. Moreover, the opinion in the *Kendall* case overlooks the distinction so clearly stated by Justice SPRING in *Matter of Skinner*, and quoted above; and finally its reasoning has been rejected and its holding impliedly

overruled by the Court of Appeals in its affirmance of *Matter of Skinner*, the case having been cited in the dissenting memorandum below.

For these reasons it appears to us that the construction of this will arrived at in the Surrogate's Court was right, and that the decree should be affirmed.

All concur.

Decree and order affirmed, with costs to the respondents, payable out of the estate.