In the Matter of the Estate of HARRY N. TAYLOR, Deceased.

Surrogate's Court, New York County, September 14, 1933.

*Chadbourne, Hunt, Jaeckel & Brown* [*William M. Chadbourne, Clinton DeWitt Van Siclen* and *Robert W. MacMillan* of counsel], for the petitioners.

*Hannon & Evans*, for Gertrude E. Taylor, executrix.

FOLEY, S. This is a proceeding to construe the will of the testator. The will is holographic. The provision sought to be construed reads as follows: " Having already provided for my son Harry Junior Taylor and my daughter Eileen L. Hurley my adopted daughter Barbara Taylor by insurance payable to them — I hereby bequeath to my beloved wife Gertrude E. Taylor all of my property real and personal. The home and furnishings autos money in banks stocks bonds accounts receivable all property I may have and money due me at the time of my death or to become due thereafter for her sole use during her life — Upon her death any residue to be divided, share and share alike between Harry Junior Taylor my beloved son and Eileen L. Hurley my beloved daughter."

It is undisputed that by the terms of the will a legal life estate in his property was given by the testator to his widow, Gertrude E. Taylor. The question to be determined is, did the testator by the use of the words " any residue " in his direction for the division after the widow's death, intend to confer upon her the power to invade or to dispose of the principal for her own use and enjoyment during her lifetime? I hold that he did not so intend.

The court has been aided in its consideration of the question by the briefs submitted by counsel on behalf of the widow and the children, who have with commendable thoroughness analyzed the numerous authorities cited by them in support of their contentions.

The provision under construction in great measure parallels the situation which arose in *Matter of Skinner* (81 App. Div. 449; affd. on prevailing opinion below, 180 N. Y. 515). There, as here, a legal life estate was granted to the wife of testator. On her death the principal was disposed of as follows: " I give and bequeath to my said children * * * all the rest and residue thereof *then remaining*, share and share alike." (Italics mine.) It was contended that the words " then remaining " clearly showed an intention to give the life tenant the right to invade the principal and to

give the remaindermen the balance, if any, which remained at the death of the life tenant. The court, in overruling that contention, distinguished the cases where the right to invade was authorized, from those cases where the right was found not to have been intended by the testator. It pointed out that the distinction resulted from the rule that " where the will, in unambiguous language gives a specific estate it will not be amplified or lessened by subsequent provisions unless it is apparent it was the intention of the testator so to enlarge or lessen it." This rule of law or canon of construction has been frequently declared and consistently followed by the courts of this State. (*Tillman* v. *Ogren*, 227 N. Y. 495; *Banzer* v. *Banzer*, 156 id. 429; *Adams* v. *Massey*, 184 id. 62; *Stokes* v. *Weston*, 142 id. 433; *Roseboom* v. *Roseboom*, 81 id. 356; *Weber* v. *Kress*, 198 App. Div. 687; *Matter of Mead*, 115 Misc. 481.) It applies with particular force to the situation in the present estate. Here a life estate was expressly given to the widow. It may not be enlarged except by unambiguous language. The words immediately following this primary disposition do not clearly indicate such intent. (*Matter of Skinner, supra; Matter of Felt*, 235 N. Y. 374; *Livingston* v. *Murray*, 68 id. 485; *Matter of Eckam*, 237 App. Div. 463; *Owens* v. *Owens*, 64 id. 212; *Matter of Swan*, 60 Hun, 286; *Matter of Fernbacher*, 17 Abb. N. C. 339; *Matter of Runcie*, 36 Misc. 607.) If anything, the subsequent language used by the testator plainly denotes the limited character of the estate given to his widow. As cogently stated by the court in *Matter of Skinner (supra)*: " The language which gives ' the use ' to the widow ' during her natural life ' is clear and explicit. There is no express authority in the will bestowing upon her the right of disposition, and this declared purpose of the testator to give the use of his property to his widow should not be extended unless the intention so to do is obvious from the context of the will."

In each of the cases cited by the widow to sustain her contention, either an absolute estate was given or, where a life estate was created, a power to invade was authorized or clearly implied from the language used. (*Vincent* v. *Rix*, 248 N. Y. 76; *Rezzemini* v. *Brooks*, 236 id. 184; *Seaward* v. *Davis*, 198 id. 415; *Leggett* v. *Firth*, 132 id. 7; *Kendall* v. *Case*, 84 Hun, 124; *Thomas* v. *Wolford*, 49 id. 145; *Matter of Nugent*, 142 Misc. 594; *Matter of McFadden*, 135 id. 690; *Keefe* v. *Keefe*, 134 id. 705; *Matter of Hart*, 122 id. 124.) In these respects the terms of the will involved here are different.

The attempt by counsel for the widow to draw from the use of the words " Having already provided for my son Harry Junior Taylor and my daughter Eileen L. Hurley my adopted daughter Barbara Taylor by insurance payable to them," the inference that

they were to be excluded from participation in his estate is not justified by the provisions of the will. Had the testator intended that his children should not share in his estate, he would have made no provision for the gift of " any residue " to them after the death of the widow. Their exclusion from participation was merely in the income of the estate during the lifetime of the widow. The testator gave them the entire and undiminished principal after her death.

Certain extrinsic evidence as to the intent of the testator was excluded by me upon the hearing under the rule laid down in *Furniss* v. *Cruikshank* (230 N. Y. 495); *Dwight* v. *Fancher* (245 id. 71), and *Matter of Smith* (254 id. 283).

Ordinarily, where a legal life estate is created, the life tenant is required to furnish a bond. (*Matter of McDougall*, 141 N. Y. 21; *Livingston* v. *Murray*, 68 id. 485; *Smith* v. *Van Ostrand*, 64 id. 278; *Hodgman* v. *Cobb*, 202 App. Div. 259; *Matter of Recke*, 112 Misc. 673; *Scott* v. *Scott*, 6 id. 174.) Having in mind the possibility of waste, extravagance, loss of securities or other dissipation of assets by a life tenant, the courts have uniformly imposed this salutary rule as a protection to the remaindermen, except in cases where an express direction dispensing with a bond is found in the will, or is clearly inferred from its provisions. No such direction is present here. It is doubtful whether the testator gave any thought to the question of the filing of a bond by his widow as legal life tenant, or had any knowledge with respect to the legal rule in such cases. The provision in the will directing that she " be not required to give bond " immediately following, as it does, the provision appointing her as sole executor, must be construed as dispensing with the filing of a bond by her as executor and not as legal life tenant.

For these reasons I hold that a bond should be furnished by the widow. The amount thereof will be fixed upon the settlement of the decree herein. Submit decree on notice construing the will accordingly.