In the Matter of the Estate of WILLIAM H. DAWLEY, Deceased.

Surrogate's Court, St. Lawrence County, March 17, 1934.

*Edmund Fitzgerald,* for Neal Dawley and Ruth Dawley.

*F. J. Gray,* for the executors.

*William D. Ingram,* special guardian for the infant remaindermen.

CHANEY, S.   This proceeding has been instituted by the executors of the last will and testament of said deceased for the purpose of obtaining a judicial settlement of their account as such executors, their final discharge and the appointment of the Ogdensburg Trust Company as administrator with the will annexed, and also for a construction and interpretation of said will.

The decedent was a farmer, residing in the town of Lisbon at the time of his death.   His estate consisted of his farm, with certain household goods and stock thereon, and also some securities in the way of notes, Liberty bonds and two small bank deposits.   He was practically free from debt, the debts allowed and paid by the executors amounting to only $316.44.   He died March 26, 1927.   His only heir at law and next of kin was a son, Neal W. Dawley.   But under date of May 15, 1925, he executed a last will and testament, and he appointed his brother, Smith L. Dawley, and his friend, Ellery G. Boice, executors of that will.   .The provisions of the will requiring construction and interpretation are as follows:

" *First.* I direct that all my just debts and funeral expenses be paid.

" *Second.* I give devise and bequeath to my son Neal W. Dawley and his wife Ruth Dawley all of my property, both real and personal, during their respective lives.

" At the death of my said son and his wife I direct that any property then remaining shall be equally divided among their children then living, or being dead with issue living, then such issue shall receive the dead childs share.

" I hereby empower my executors hereinafter named to sell and convey real estate to carry out the provisions of this Will.

" *Lastly.* I hereby appoint Ellery G. Boice and Smith L. Dawley executors of this, my last Will and Testament, with full power and

authority to sell and convey, lease or mortgage real estate: hereby revoking all former wills by me made."

The clauses beginning " First " and " Lastly " are simply the printed form in the blank on which the will was drawn; the clause beginning " Second " and all provisions thereunder are typewritten.

It is not contended that Neal Dawley and Ruth Dawley take a fee in said estate with absolute power of disposal; but it is contended on their behalf that they take a life estate with the power of disposal of any or all of said estate at any time during their respective lives; and that if any of said estate should remain after the death of the first two takers, it then becomes the property of their children or the issue of their children. As against this, the children of Neal W. Dawley and Ruth Dawley, who are minors, through their special guardian contend that the first two takers are simply given a life estate and that they do not have the right or power to invade the corpus.

Exhaustive and carefully prepared briefs have been submitted on the part of Neal W. Dawley and Ruth Dawley, on the part of their minor children, and on the part of the executors, and this court joins with counsel in admitting that this is a border case.

It is my conclusion that this will gives to the first takers simply a life estate, without authority to invade the principal or corpus, and that at their death the estate passes to their children then living and the issue of any then dead. In arriving at this conclusion I have given careful consideration to the argument of counsel for Neal W. Dawley and Ruth Dawley, and to the principles and precedents set forth in the cases which have been cited in their behalf. These include *Terry* v. *Wiggins* (47 N. Y. 512); *Leggett* v. *Firth* (132 id. 7); *Seaward* v. *Davis* (198 id. 415); *Thomas* v. *Wolford* (1 N. Y. Supp. 610), and other cases wherein those same principles have been cited and followed. But the principles and precedents, which seem to me logical and which should and do apply to the construction of this will, are set forth in *Matter of Voss* (135 Misc. 690); *Matter of Eckam* (237 App. Div. 463); *Matter of Taylor* (149 Misc. 705).

A gift to one followed by a gift to another of such part thereof as may remain at the decease of the first taker, can be enforced when the intention of the giver is clear and definite to limit the gift to the first taker to a life estate with power of disposal of the principal or any part thereof during his lifetime, and to give to another such part of the principal as is not disposed of in the lifetime of the first taker. In order, however, to imply a power of disposal in the first taker during his lifetime, the gift over follows a gift that is apparently absolute. In other words, if the first gift

is apparently absolute, and is then followed by a gift over of what remains, the one who takes first has an implied power of disposal during his lifetime. If the first gift is not apparently absolute, but is only a life estate, this declared purpose of the testator should not be extended or enlarged unless the intention so to do is obvious from the context of the will. (*Matter of Skinner*, 81 App. Div. 449; affd., 180 N. Y. 515; *Matter of Taylor, supra.*)

The first clause of paragraph second of the will under consideration conveys simply a life estate to Neal W. Dawley and his wife Ruth Dawley. (*Ketcham* v. *Ketcham*, 66 Hun, 608; *Matter of Beach*, 1 Misc. 27; *Areson* v. *Areson*, 3 Den. 458; *Carpenter* v. *Carpenter*, 2 Dem. 534; *Dwyer* v. *Wells*, 5 Misc. 18; *Place* v. *Burlingame*, 75 Hun, 432; affd., 149 N. Y. 617.)

A gift will not be affected by subsequent provisions of which the meaning is doubtful or ambiguous, or by any language less definite than that by which the gift itself is expressed. (1 David New York Law of Wills, § 495, and the cases therein cited.)

If the will defines the quantum or amount of gift in plain and unmistakable terms, language subsequently appearing in the instrument will not have an effect, as a general rule, either to enlarge the estate or interest thus given or to restrict it. More comprehensively stated, the rule is that a gift is not affected by subsequent language which is less definite than that by which the gift itself is expressed. (2 David New York Law of Wills, § 807.)

In view of the principles thus enunciated, the second clause of the will under consideration here is not sufficiently definite to enlarge the life estate first given. Furthermore, the testator has expressly given to his executors a power of sale of the real property. While this may not be controlling, it does indicate that the testator did not intend the absolute control and disposition of the real property to rest in the life tenants, but has provided another medium through which that purpose might be accomplished.

Having in mind that this estate consisted in part of notes and unsecured obligations, and in part of household goods and live stock on the farm, full meaning may be given to every word of the second clause of paragraph second of said will, without enlarging the life estate first given; because in the course of events and during the period of the life estates it is reasonable and natural to assume that certain of the assets may depreciate in value, that certain obligations owing to the estate may not be realized in full, and that the articles of personal property, such as furniture and stock on the farm, will be worn out by use or die from old age; and the testator may well have used the expression " any property then remaining " with that idea in mind.

It is my conclusion that Neal W. Dawley and Ruth Dawley take life estates only, with remainder to their children or the issue of their children, with power of sale in the executors only.

The matter is restored to the calendar for March thirty-first at Ogdensburg, or to such other time as counsel may agree, for the purpose of submitting decree and final settlement of the account.