GRACE B. LELAND, Appellant, *v.* ELLERY W. HOKE and Others, Respondents.

Hill, P. J., Crapser, Bliss and Heffernan, JJ., concur; Rhodes, J., concurs, in a memorandum.

RHODES, J. (concurring). I concur in the result, but for a different reason from that expressed in the opinion of the learned court below (156 Misc. 494), which reasoning has been adopted by a majority of this court.

The court below concluded that under the provisions of the fourth paragraph of the will, Earl Hoke, upon the death of the testator, became vested with the remainder upon the termination of the life estate of Flora Mallory, subject to being divested in the event that Flora Mallory died leaving a child or children.

The heirs at law of Menzo Hoke, Jr., could not be determined until his death. He died intestate in 1901, leaving his son Earl his only child and heir. The contingent interest then vested in Earl and was descendible, devisable and alienable, although it did not ripen into a right to the possession, enjoyment and fee absolute until the death of Flora Mallory. (See *Moore* v. *Littel*, 41 N. Y. 66; *Hennessy* v. *Patterson*, 85 id. 91; *Clowe* v. *Seavey*, 208 id. 496; *Sheridan* v. *House*, 4 Keyes, 569; *Matter of Chalmers*, 264 N. Y. 239.)