In the Matter of the Petition of BROOKLYN TRUST COMPANY, as Trustee under the Will of THEODORE D. DIMON, Deceased, to Compel GEORGE F. LEWIS, as Administrator with the Will Annexed, etc., of HARRIET TALMAGE DIMON, Deceased, to Account for Her Acts as Trustee of the Corpus of a Life Estate Bequeathed to Her by the Will of Said THEODORE D. DIMON (Deceased). BROOKLYN TRUST COMPANY, as Trustee, etc., of THEODORE D. DIMON, Deceased, Respondent; GEORGE F. LEWIS, as Administrator, with the Will Annexed, etc., of HARRIET TALMAGE DIMON, Deceased, Appellant.— In a proceeding to compel the administrator with the will annexed of the goods, chattels and credits of Harriet Talmage Dimon, deceased, to account for her acts as trustee of the corpus of a life estate in a legacy of $10,000 bequeathed to her by the will of Theodore D. Dimon, deceased, decree of the Surrogate's Court of Suffolk county, construing that will, determining that the decree of that court, rendered November 6, 1905, settling the account of Harriet T. Dimon, as executrix of the last will and testament of Theodore D. Dimon, and releasing and discharging her from everything contained in her account as executrix, is not res judicata as to the issues in this proceeding, and awarding other relief, affirmed, with costs to appellant and to respondent, payable out of the fund. The testator, Theodore D. Dimon, who was a lawyer, did not intend to make an absolute gift of the sum of $10,000; if that had been his intention, he would have so stated. Particularly is this true in view of his other, outright gifts to his wife by will and codicil. She received only a life estate in that fund. The presence in the will of the clause, " At her death the said sum of ten thousand dollars, or its remainder, shall belong to my residuary estate," which is ambiguous, accorded her no right during life to invade the corpus. (*Matter of Taylor,* 149 Misc. 705, and cases therein cited; affd., 242 App. Div. 608, without opinion.) Before the decree of November 6, 1905, she in effect paid to herself an amount which included the $10,000 in question. The decree in effect approved the payment. The payment was not inconsistent with her having only a life estate in that fund. Manifestly her sole justification for that payment was the relevant testamentary provision. There is nothing in the decree or in the proceedings which led to it, which either expressly or by implication adjudged that she was entitled to the corpus. The provisions of the decree are consistent with her life tenancy. The decree is not res judicata in this proceeding, for the question as to whether she received a life estate, or the corpus, was never raised, mooted, discussed or determined in that proceeding (*Thorn v. De Breteuil,* 86 App. Div. 405; modfd., 179 N. Y. 64); and, therefore, its provisions are not conclusive in favor of the appellant. (*Stokes v. Foote,* 172 N. Y. 327, 341, 342.) Johnston, Taylor and Close, JJ., concur; Adel, J., with whom Hagarty, J., concurs, dissents, with the following memorandum: The executrix under the will of Theodore D. Dimon paid herself $10,000 and delivered the residue to the trustee. The account of the executrix was settled judicially after appearance by the trustee, a decree of approval was entered, and the executrix was discharged. Some thirty-one years thereafter the executrix died, and the trustee seeks to recover from her estate $10,000 because it is claimed the will of Theodore D. Dimon gave her only a life estate in the said sum. All the elements of true estoppel or bar are present in this case. It was necessary to construe the will of Theodore D. Dimon in order

judicially to approve the distribution made by the executrix; and while the decree does not expressly refer to such construction, it is determinative of all material issues that could have been litigated in the accounting proceeding. (Code Civ. Proc. § 2743; *Matter of Beresford*, 146 Misc. 140, 145, 146; *Matter of Underhill*, 117 N. Y. 471, 474; *Kager v. Brenneman*, 47 App. Div. 63, 66.)