In the Matter of the Estate of ARCHIBALD M. CAMPBELL, Deceased.

Surrogate's Court, Westchester County, November 5, 1941.

*Mills & Nanry*, for The Mount Vernon Trust Company, as trustee.

*Nathan, Mannheimer & Asche*, for Agnes Jean Campbell Ormes.

*Louis P. Frank*, for John Campbell.

*Joseph O. M. Van Tassel*, for Arthur Willson Reynolds, as executor, and Archibald Brush Campbell.

*Toomey, Edwards & Connelly* [*Harold M. Edwards* of counsel], for the special guardian.

*Harold D. Toomey*, special guardian.

MILLARD, S. In the within accounting proceeding instituted by the trustee under the will of the decedent, objections have been filed on behalf of the wife and two children of Murray Campbell, a deceased son of the testator. Their right to file objections depends upon whether said objectants are income beneficiaries under a valid trust created under paragraph " Ninth " contained in a second codicil to decedent's will.

By the provisions of said paragraph " Ninth " $30,000 is bequeathed in trust, the income to be paid to decedent's son, Murray Campbell, during his life and, upon the death of the said son, the trustee is directed to divide said fund in halves and to pay one-half thereof to the residuary estate of the decedent. With

respect to the remaining one-half, it is provided as follows: " * * * the balance of said trust fund, to wit, Fifteen thousand ($15,000) Dollars, to remain under the provisions of this trust and the income thereon then to be paid in quarterly payments to the widow of my said son, Murray Campbell, so long as she remains his widow, and any child or children surviving him for their support and maintenance until his youngest child, who may survive me at my death, reaches the age of thirty years or sooner dies, and when said youngest child surviving me at my death reaches the age of thirty years, or sooner dies, then, and in that case, to pay over the principal of said balance of said trust fund, to wit, Fifteen thousand ($15,000) Dollars to the Saint Paul's Church * * *."

Decedent's son, Murray Campbell, died on August 6, 1931, shortly after the death of his father, leaving him surviving the objectants herein, a widow and two children, both of whom were living at the date of testator's death. The widow of Murray Campbell remarried on November 1, 1935. John Campbell, a son of Murray Campbell, recently attained his majority. Muriel Joan Campbell, the only other child of Murray Campbell, is an infant of the age of eleven years.

The trustee herein and the wife of Murray Campbell contend that the above-quoted provisions of said paragraph " Ninth " are ambiguous, and seek to offer in evidence previous wills of the testator, and written instructions given by the testator to the scrivener who prepared this said will, to establish that the testator intended that only the widow of Murray Campbell should receive the income from said secondary trust to be applied for the support of herself and her children. The son of Murray Campbell and the infant daughter by her special guardian oppose the introduction of such evidence, and urge a construction of said paragraph " Ninth " to the effect that the widow of Murray Campbell having remarried, his son and daughter are the sole income beneficiaries of said trust.

The trust created by said paragraph " Ninth " is a valid trust, its duration being measured by a term not exceeding the life of Murray Campbell, the son of testator, and the life of Muriel Joan Campbell, the youngest child of Murray Campbell living at the date of death of said testator. The direction that the income of the secondary trust is to be paid to the beneficiaries named " until " the youngest surviving child of Murray Campbell living at testator's death attains the age of thirty years or sooner dies, followed by a direction that " when said youngest child surviving me at my death reaches the age of thirty years, or sooner dies, then, and in that case " the principal of said fund is to be paid to

St. Paul's Church, clearly indicates that the duration of the trust is to be measured by the life of Murray Campbell and the life of the youngest child of Murray Campbell living at the date of testator's death. A gift to a wife " as long as she remains my widow " is a gift terminable upon death or remarriage (*Matter of Clickman*, 116 Misc. 540), the words " as long as " being words of limitation. (*Matter of Schriever*, 221 N. Y. 268; *Matter of Swan*, 60 Hun, 286.)

So long as the absolute power of alienation is not suspended for a period of more than two selected lives in being at the creation of the estate, the testator may dispose of the income therefrom among as many persons as he sees fit. (See *Schermerhorn* v. *Cotting*, 131 N. Y. 48.) The direction that the income of the secondary trust is to be paid to the widow of Murray Campbell so long as she remains a widow, and to any surviving child or children of Murray Campbell living at the date of the testator's death designates the income beneficiaries of the secondary trust. In addition, such provisions limit the period during which said income may be paid to, or for the support or maintenance of, the wife of Murray Campbell to the time of her death or remarriage, but do not extend the term of said trust, in any event, beyond the life of the youngest child of Murray Campbell living at the date of testator's death. The provisions of paragraph " Ninth " sufficiently indicate a gift of income to the wife and the aforesaid children of Murray Campbell, during the term of said trust limiting the gift of income payable to the said wife, however, to a time not extending beyond the date of her death or remarriage. The provisions of paragraph " Ninth " are construed accordingly, and the children of Murray Campbell are, therefore, determined to have been the sole income beneficiaries of the secondary trust created in said paragraph " Ninth " from the date of the remarriage of the wife of Murray Campbell, namely, from November 1, 1935.

If the language employed in the will raises any doubt as to the testator's intention, extrinsic evidence is admissible to show the relationship of the parties under some circumstances, the nature and situation of the property, and the apparent purpose of the will or gift. (*Williams* v. *Jones*, 166 N. Y. 522; *Teetsell* v. *Ross*, 201 App. Div. 826.) In a proceeding to construe a will, the declarations of a testator are inadmissible, except to explain a latent ambiguity or to rebut a resulting trust. (*Leland* v. *Hoke*, 156 Misc. 494; affd., 246 App. Div. 854.)

The evidence sought to be introduced is designed to establish that the wife of Murray Campbell, after her remarriage, was entitled to receive payment of the income for the support of herself and her children. There being no ambiguity in this regard,

or any need for rebutting a resulting trust, such evidence is inadmissible.

The said children of Murray Campbell being income beneficiaries of the secondary trust are, therefore, entitled to file objections to the account of the trustee herein. The date for the hearing of such objections is set for November 25, 1941, at eleven o'clock.

Settle decree accordingly.