In the Matter of the Judicial Settlement of Account of Proceedings of Asa Eddy, as Administrator, etc., of Eugene C. Eddy, Deceased.

Surrogate's Court, Albany County, July 12, 1929.

E. W. & E. E. Rankin [John J. McManus of counsel], for the administrator.

Arleigh D. Richardson [Francis L. Ganley of counsel], for the objectors.

Schenck, S. In a proceeding for judicial settlement of the accounts of Asa Eddy, as administrator of Eugene C. Eddy, deceased, objections have been filed by one of the residuary legatees and remaindermen under the last will and testament of Hattie E. Hallenbeck, deceased, to certain items in the account set forth.

Eugene C. Eddy died intestate, December 5, 1927, and letters of administration were issued to Asa Eddy in January, 1928. Hattie E. Hallenbeck, a sister of Eugene C. Eddy, the decedent herein, predeceased him on November 8, 1922, leaving a will

which was thereafter duly admitted to probate, which will, after directing the payment of debts, provides as follows:

" *Second.* I give, devise and bequeath to my brother Eugene C. Eddy, of the Town of Coeymans, all of my property and estate, both real and personal, for his use, comfort and benefit during the term of his natural life, with power and privilege to use all or any part of the principal of said estate and property as he may so desire.

" *Third.* Upon the death of my said brother, Eugene C. Eddy, if at that time any of my estate and property may remain unused by him or in the event of his death before mine, I direct the following disposition of my estate and property: * * *."

Then follow two specific bequests to nieces and a disposition of the residue and remainder.

Of the property which came into the hands of Eugene C. Eddy, the decedent, from the estate of Hattie E. Hallenbeck, there remain intact, as set forth in Schedule A of the account, $7,000 corporate stock of the city of New York and 100 shares of United States Steel common stock. The accounting party claims that the other property, consisting of deposits in banks, some household furniture, wearing apparel, a United States bond, some cash and jewelry and a house and lot in Delmar, was disposed of by Eugene C. Eddy in his lifetime and that the proceeds of the sale or disposition thereof are non-traceable.

The rights of creditors, purchasers or incumbrancers are not here involved and the statutory provisions relating thereto need not be considered.

It was apparently the intention of Hattie E. Hallenbeck to provide unreservedly for her brother during his lifetime. He was given a life estate with power to invade the principal during his lifetime but without power of disposition by will. As life beneficiary, he was entitled to all of the income therefrom and so much of the principal as he might in his lifetime use. (*Matter of Ithaca Trust Co.*, 220 N. Y. 437; *Matter of Davies*, 242 id. 196; *Leggett* v. *Firth*, 132 id. 7.)

It would seem, therefore, that the interest credited by the National Savings Bank and by the Home Savings Bank, aggregating $416.56, should be treated as income. From these bank accounts Eugene C. Eddy during his lifetime withdrew $400, and the remaining income, to wit, $16.56, properly belongs to his estate. The corporate stock of the city of New York, the 100 shares of United States Steel and the unused principal sum remaining in the bank accounts Nos. 82252 and 136352 in the National Savings Bank and Nos. 33481 and 776200 in the Home Savings Bank, set up in

Schedule E as aggregating $1,778.49, from which $16.56 of income is deductible, leaving a balance of $1,761.93, belong to the remaindermen.

Apparently the other property set forth in Schedule A, with the exception of the proceeds realized from the sale of the house in Delmar, is non-traceable and may properly have been used by Eugene C. Eddy during his lifetime. The Delmar real estate owned by Hattie E. Hallenbeck at the time of her death was sold by Eugene C. Eddy to one Hiller April 30, 1923, and a purchase-money mortgage of $3,000 was at that time taken by Eugene C. Eddy in his own name. This mortgage was not paid until February 8, 1929, and the proceeds thereof are in the possession of his administrator. Undoubtedly, under the will he had power to sell this real estate and pass a good title to the purchaser; but it seems to be a settled rule of law that the proceeds of such sale and the mortgage taken as part of the purchase price stand in equity in place of the property itself, provided, of course, that the same has not been " used " within the provisions of the will. The cash paid on this purchase is not directly traceable, but the purchase-money mortgage was not paid until subsequent to Eugene C. Eddy's death and the proceeds thereof belong to the remaindermen.

It is claimed by objectant that certain deposits of cash were made in banks at or about the time of the making of this sale but the evidence is insufficient to show that these deposits actually represented money received from said sale. Therefore, the only amount to which the remaindermen are entitled is the proceeds of said purchase-money mortgage together with any interest thereon from the date of the death of Eugene C. Eddy.

Hattie E. Hallenbeck and Eugene C. Eddy had joint accounts in certain Albany savings banks. These accounts, standing in their joint names, became the property of Eugene C. Eddy absolutely upon the death of Hattie E. Hallenbeck. (*Augsbury* v. *Shurtliff*, 114 App. Div. 626; affd., 190 N. Y. 507; *Kelly* v. *Beers*, 194 id. 49.)

The remaining question concerns a common stock dividend issued by the United States Steel Corporation in 1927. As income, Eugene C. Eddy was entitled to this stock and it follows that the same belongs to his estate, unless under the rule laid down in *Matter of Osborne* (209 N. Y. 450) there should be an apportionment between the life beneficiary and the trust fund. I do not believe that the *Osborne* case contemplated such a situation as we have in this proceeding. The rule there stated is to the effect that extraordinary dividends payable from accumulated earnings of a

company, whether in cash or stock, belong to the life beneficiary unless they entrench in whole or in part upon the capital of the trust fund as received from the testator. Here this extraordinary stock dividend has not entrenched upon the investment by Hattie E. Hallenbeck in the United States Steel stock. I will hold that the forty shares of stock of the United States Steel Corporation issued as a dividend should be treated as income and are part of the estate of Eugene C. Eddy.

Counsel fees paid by the accounting party as set forth in Schedule I, and to which objection has been made, will be allowed.

Decree may be entered accordingly.