Maximilian Moss, S.
In this proceeding to settle the account of a successor trustee, petitioner seeks a construction of article “Sixth” of the testatrix’ will, while respondent seeks a construction of article “ Seventh ”.
Testatrix died November 23, 1943, leaving a will dated July 7, 1932, which was admitted to probate on October 18, 1945, on which date letters testamentary and trusteeship were granted. Testatrix was survived by two nephews, Ward Meeker Williamson and John Schenck Williamson, as her only distributees. Under article designated “ Sixth ” of the will, testatrix bequeathed one half of her residuary estate in trust, the income therefrom to be paid to her nephew Ward Meeker Williamson during his life. Upon his death the corpus was to be divided into as many shares as he might leave children him surviving. One of such shares was to be held in trust “ for the benefit of each of his said children and the income therefrom paid to said child until said child shall become thirty years of age, at which *157 time the said fund, so held in trust, shall vest in said child and be paid to him absolutely. ’ ’ This latter clause concludes with a substitutionary provision should Ward Meeker Williamson die leaving no issue. Article “ Seventh” bequeaths the other half of the residuary estate in trust for the benefit of her nephew John Schenck Williamson, in language identical to the previous article. Ward Meeker Williamson was nominated as one of the executors and trustees of testatrix’ will.
Ward died December 3, 1957, survived by a widow and two children, the latter having been born after testatrix’ death. Ward’s entire estate was bequeathed to his widow. John is living and is the father of two children born prior to the testatrix’ death. John’s children urge that the corpus of the trust for Ward must pass by intestacy.
The rule of perpetuities was violated by the creation of a trust for the lives of persons not in being at the time of testatrix’ death (Personal Property Law, § 11; Real Property Law, § 42; Seitz v. Faversham, 205 N. Y. 197). A remainder may however be created in favor of after-born children upon the termination of a trust for the benefit of one in being at the time of testatrix’ death (Matter of Hosford, 309 N. Y. 23). Such a remainder is not violative of statutory prohibition where the estate must vest at the expiration of one life (Purdy v. Hayt, 92 N. Y. 446). The ostensible futurity contained in the secondary provision for the after-born children will not defeat a determination of vesting at the termination of the precedent life estate, since the entire income from the death of Ward to the time fixed for vesting in possession was to be used exclusively for the benefit of Ward’s after-born issue (Fulton Trust Co. v. Phillips, 218 N. Y. 573; Vanderpoel v. Loew, 112 N. Y. 167) and the vesting at the termination of the life estate for Ward is further enhanced by the failure of the questioned provision to provide a remainder over (Vanderpoel v. Loew, supra, p. 181).
The court first seeks to ascertain the intention of the testatrix from the will’s language and then to carry out such intention, if permissible (Matter of Sliter, 286 N. Y. 117; Matter of Buechner, 226 N. Y. 440). Here the intention of testatrix is clearly manifested from reading the will as an entirety (Matter of Fabbri, 2 N Y 2d 236). Where a will is capable of more than one construction, a construction of validity is preferred (Matter of Gallien, 247 N. Y. 195, 200). An equal division of the residuary estate was set apart initially for each nephew for life and discloses thereafter an intent for an equal division among such issue as shall survive each nephew. Even a cursory examination of the will discloses an intent to observe a scrupu *158 lous equality between both nephews and their respective issue. A construction will be adopted which will preserve the testatrix’ general plan and avoid intestacy (Matter of Goldstein, 3 A D 2d 16; Hersee v. Simpson, 154 N. Y. 496). Excision will be resorted to, to effectuate the testatrix’ intention when excision of invalid portions preserves the testatrix’ general plan (Smith v. Chesebrough, 176 N. Y. 317; Matter of Lyons, 271 N. Y. 204; Kalish v. Kalish, 166 N. Y. 368, 377).
The court determines that the remainder of the trust under article.“ Sixth” of the will and accumulations thereof vested absolutely in Ward Meeker Williamson, Jr. and Marjorie Williamson on the death of their father. The provision for continuance of the trust until age 30 postponed possession only, and this provision therefore will be excised. The matters raised in respect of article “ Seventh” being currently academic, the court presently declines to construe the same (Matter of Mount, 185 N. Y. 162; Matter of Stout, 1 A D 2d 901).
The court commends counsel, for each of the parties, for their painstaking and erudite espousal of their respective contentions, and it was especially impressed by the firm and courageous stand taken by the very learned special guardian in behalf of his infant wards, whose position this court has adopted.
Settle decree on notice.