Francis A. Sturges, S.
Upon the judicial settlement of the account of proceedings of the executrix, Mary D. Kellogg, the executrix, by petition dated August 27, 1959 has asked for the construction of the will as a whole, and particularly to obtain a determination: First, as to whether paragraph “second” of said last will and testament grants to Mary D. Kellogg, the legatee named in said paragraph, the absolute right to the estate of the decedent; second, as to whether said paragraph “ second ” imposes a trust upon the estate of the decedent.
Jessie Fesenmeyer, a sister of decedent, by petition verified the 21st day of September, 1959, in addition to the determination relative to the particular paragraphs referred to and the petition of Mary D. Kellogg, asked that the will be construed to determine whether a life estate has been created by paragraphs marked “ second ” and “ third ” of said will of Charles H. Kellogg, deceased, and also asked for construction of said will to determine whether such an attempt to create a life tenancy in Mary D. Kellogg was defective, and therefore accelerates the legacy to Jessie Fesenmeyer as the remainderman under the said will; and finally the petitioner, Jessie Fesenmeyer prays *980 that the executrix he restrained from disposing or transferring any of the assets in said estate until such time as the said will has been construed, or that a bond be posted, and for such other and further relief as to the court may seem just and proper.
The attorney for the petitioner, Mary D. Kellogg, the executrix of this estate, and the attorney for the petitioner Jessie Fesenmeyer, appeared before the court and presented oral arguments.
The last will and testament of the said decedent, which was duly admitted to probate in this court on the 20th day of January, 1959 insofar as the disposition of the assets is concerned, reads as follows:
“ first. I direct that my debts and funeral expenses be paid.
“ second, I give, devise and bequeath to my wife, Mary D. Kellogg, all my property, both real and personal, and of whatever name and nature and wherever situate, for and during her natural life with the right to invade the principal of my estate as she in her sole discretion may determine.
‘ ‘ third, Upon the death of my said wife, or, in the event that she shall predecease me upon my death, I give, devise and bequeath all the rest, residue and remainder of my property, both real and personal, and of whatever name and nature and wherever situate, to my sister, Jessie Fesenmeyer, in fee simple absolute.
“ lastly I hereby appoint my wife, Mary D. Kellogg, executrix of this, my last Will and Testament, with full.power and authority to sell and convey, lease or mortgage real estate; hereby revoking all former wills by me made. ’ ’
In these proceedings, we must first determine the intention of the testator. The courts have consistently held, as Judge Burke states hi Matter of Fabbri (2 N Y 2d 236, 239-240): “ The prime consideration here as in all construction proceedings is the intention of the testator as expressed in the will. All rules of interpretation are subordinated to the requirement that the actual purpose of the testator be sought and effectuated as far as is consonant with principles of law and public policy. This intent, as we have often said, must be gleaned not from a single word or phrase but from a sympathetic reading of the will as an entirety and in view of all the facts and circumstances under which the provisions of the will were framed” (citing cases). This proposition is so uniformly accepted that it is unnecessary to cite further authorities. However, in the only authority cited by the attorneys for the petitioner, Jessie Fesenmeyer, in support of his arguments on questions raised in that petition, viz : Matter of Meeker (16 Misc 2d 156) that court, on page 157 holds:
*981 ‘1 The court first seeks to ascertain the intention of the testatrix from the will’s language and then to carry out such intention, if permissible (Matter of Sliter, 286 N. Y. 117; Matter of Buechner, 226 N. Y. 440). Here the intention of testatrix is clearly manifested from reading the will as an entirety (Matter of Fabbri, 2 N Y 2d 236). Where a will is capable of more than one construction, a construction of validity is preferred (Matter of Gallien, 247 N. Y. 195, 200).”
This court finds and holds that the clear intent of the testator Charles H. Kellogg as fully and clearly expressed in his will was to give devise and bequeath all of his property to his wife, Mary D. Kellogg, who was his natural beneficiary, if she survived him, with the provision that, if there was anything left of his estate, after she had invaded the principal as she might, in her sole discretion, desire, the then remaining property should go to his sister Jessie Fesenmeyer, and, in the event his wife should not survive him, his entire estate, after payment of debts and funeral expenses and expense of administration, should go to his sister absolutely. In other words, his sister Jessie Fesenmeyer, is only a contingent beneficiary who was entitled to receive the entire net estate of the testator in the event the testator’s wife should predecease him and was also entitled to receive any portion of his estate which might remain upon the death of his wife and not consumed by her during her lifetime. It is difficult for this court to imagine how the intent of the testator could be more clearly expressed than in the language contained in his will.
The attorney for the executrix has asked this court to construe the will to determine whether or not paragraph “ second ” of said will imposes a trust upon the estate of decedent. As Surrogate Falle of Westchester County states in Matter of Walter (141 N. Y. S. 2d 49) a similar case, at page 51: “ (1) A determination as to whether or not an express trust was created or intended requires consideration of the essentials of an express trust. In Brown v. Spohr, 180 N. Y. 201, at page 209, 73 N. E. 14 at page 16, the court included the following as the essential element of an express trust: ‘ (1) A designated beneficiary ; (2) a designated trustee, who must not be the beneficiary; (3) a fund or other property sufficiently designated or identified to enable title thereto to pass to the trustee; and (4) the actual delivery of the fund or other property, or of a legal assignment thereof to the trustee, with the intention of passing legal title thereto to him as trustee. ’ ” And, as Surrogate Falle held in the above case, I am holding that the clear intent of the language contained in paragraph “ second ” of *982 the will of Charles H. Kellogg was to vest in his wife a legal estate during her lifetime (Matter of Von Kleist, 265 N. Y. 422). And as Surrogate Fails states on page 52: “ An estate for life, coupled with a power to invade principal, has been held to create an interest amounting to something more than a life estate and something less than an absolute fee, Swarthout v. Rainer, 143 N. Y. 499, 38 N. E. 726. The grant of such discretion to the designated beneficiary to invade principal is entirely consistent with an intention not to create a trust.” Upon the authorities above set forth, I find that there was no expressed trust contained in the will. In fact, the clear intent of the testator was to give all his property to his wife absolutely insofar as she might elect to in her sole discretion invade the principal. However, if upon her death there was any unused principal left from his estate, he provided that such unused principal should go to his sister, Jessie Fesenmeyer.
The petitioner Jessie Fesenmeyer asked this court to determine whether the alleged attempt to create a life tenancy in Mary D. Kellogg was defective and therefore accelerates the legacy to Jessie Fesenmeyer as the remainderman under the will. I find and hold that there was no defective attempt to create a life tenancy and that there was no acceleration of the contingent legacy to Jessie Fesenmeyer. I have already held that there is no express trust but, if for the sake of argument, we assume that there was an implied trust, it was only for one life in being, that is the life of the alleged life tenant, and the power of alienation was never suspended as the alleged life tenant was, by the language of the will given power to dispose of the principal during her lifetime.
The petitioner, Jessie Fesenmeyer has indicated her desire that the executrix be restrained from disposing or transfering of any of the assets in this estate, or that a bond be posted. Mary D. Kellogg, as executrix, under the provisions of the will has full power to immediately transfer all of the net assets of the estate to herself individually. The will contains no express provision that such a bond be furnished and the language of the will clearly vests the legal title in Mary D. Kellogg individually as clearly as though it had been specifically stated. (Matter of Walter, 141 N. Y. S. 2d 49, 52; Matter of Dickinson, 10 Misc 2d 274; Matter of Von Kleist, 265 N. Y. 422, supra.) Nor does section 169-a of the Surrogate’s Court Act require or authorize the Surrogate to direct or require the furnishing of a bond by the life tenant before she received the property, as the gift of income to life tenants couples with an unlimited ¡right to invade principal for their use and benefit is inconsistent *983 with the requirement that the beneficiaries furnish any security for the safekeeping of the corpus and the protection of the interests of the remainderman. Under such circumstances the provisions of section 169-a of the Surrogate’s Court Act are inapplicable.” (Matter of Sanford, 83 N. Y. S. 2d 782.)
The provisions made in the will of the testator, Charles H. Kellogg, for the benefit of his wife, Mary D. Kellogg, are natural provisions which husbands often make for the benefit of the wife, where there are no descendants surviving, and there can be no question as to the right of a husband to devise and bequeath his entire estate to his wife during her life and to give to her an additional power to invade the principal as she might desire without enlarging the estate to a fee. (See Matter of Sievert, 246 App. Div. 457, 459; and, also, see, Matter of Eddy, 134 Misc. 511, 512; Terry v. Wiggins, 47 N. Y. 512; Leggett v. Firth, 132 N. Y. 7, 10-11; Matter of McClure, 136 N. Y. 238.)
An executor’s duty to demand security before delivery of the property to a life tenant exists only where the testator has not manifested an intention that the property should be delivered to the life tenant.
It is the finding and decision of this court that Mary D. Kellogg individually is, after payment of any unpaid expenses of administration, entitled to the possession of the remaining assets in the estate of 'Charles H. Kellogg, deceased, and that Mary D. Kellogg, as executrix of the said estate, is authorized by law, under the terms of the will of Charles H. Kellogg, deceased, to transfer forthwith to herself individually the remaining assets in this estate without being required to give bond or other security. Let this estate be settled accordingly.